STATE OF CONNECTICUT *v.* CARL HACKLEY

Decided June 30, 1958

*Carl Hackley,* the defendant, pro se.

*Bernard A. Kosicki,* state's attorney, for the state.

BY THE DIVISION. The defendant, age twenty-nine, pleaded guilty to the crimes of rape and indecent assault and on September 14, 1946, in the Superior Court at Middletown was sentenced to state prison for not less than twenty-five nor more than thirty years on the former crime and for ten years on the latter charge, making an effective sentence of not less than twenty-five nor more than forty years, the sentences to begin at the expiration of the term then being served.

On July 2, 1946, the defendant approached two girls, each of whom was seventeen years old, who were walking along a street and at the threat of a gun or knife forced them to accompany him to a deserted area nearby. They were instructed to lie down. In the course of what followed, each was bound and gagged. He raped one of them, committed an indecent act upon the other and then compelled one of the girls to commit an indecent act upon the other. After leaving the girls, they freed themselves and secured help. Police investigation

resulted in the arrest of the defendant who confessed to these crimes.

The prior criminal record of the defendant was as follows:

December 30, 1927–Norwich–truancy–six months probation.

August 1, 1928—Norwich—theft—committed to Connecticut school for boys—paroled November 17, 1929.

September 9, 1930—Norwich—attempted rape—committed to Connecticut school for boys—paroled February 12, 1932.

April 5, 1932—Norwich—attempted assault—committed to Connecticut school for boys.

August 1, 1933—Norwich—attempted assault on female—committed to Connecticut school for boys and transferred to the Connecticut reformatory—paroled June 7, 1935.

October 29, 1935—Norwich—carnally knowing a minor female—sentenced to ten to fifteen years in state prison—paroled 1944.

The present offenses occurred while the defendant was on parole from his commitment to the state prison.

Notwithstanding the fact that the present sentences are in the upper range of the penalties provided by law for these offenses, they appear neither excessive nor to reflect an extreme view by the trial court.

Among the salient considerations which the court was bound to consider may be mentioned the following: nature of the crime, the personal force and abuse involved, the outrageous conduct of the offender and his recidivistic tendencies. His record

showed that previous correctional treatment and imprisonment had failed to bring about a change in behavior to acceptable standards of conduct. This appears from his several previous violations of the same nature, his failure to benefit from several opportunities of parole and his commission of the present crimes only two years after having served almost nine years of a long sentence, and while still on parole.

In reviewing a penalty, the opinion of the trial judge deserves great weight and careful consideration. In the instant case the approach of hopeful rehabilitation appears to have been tried several times and failed. The type of the offenses are of the worst kind. They are inherently immoral in nature and their commission inflicts high personal and social injury. The high sentences provided by law for them are another measure of the gravity with which such crimes are regarded. The present offenses were deliberate and premeditated felonies. Important factors of proper sentences here were the gravity of the criminal conduct and the high recidivistic risk involved. These warranted emphasis upon a prolonged confinement for the protection of society.

All circumstances considered, the sentences imposed in this case should stand.

Thim, Ryan and Pastore, Js., participated in this decision.