STATE OF HAWAII *v.* CIRILO SACOCO.

No. 4194.

STATE OF HAWAII *v.* LUIS CUARESMA.

No. 4195.

OCTOBER 6, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ.,
AND CIRCUIT JUDGE HEWITT
ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY TSUKIYAMA, C. J.

By stipulation of the parties the above-entitled causes, although briefed separately, have been consolidated for the purpose of argument and decision.

The two defendants, Cirilo Sacoco and Luis Cuaresma, were separately indicted for the offense of indecent assault under R.L.H. 1955, § 309-17. Upon a plea of guilty entered

by each, they were both sentenced to imprisonment for a term of five years. On the ground that the penalty imposed was excessive, defendants have respectively appealed by way of writs of error, requesting this court to review and reduce the sentence in each of the two cases.

The indictments returned by the grand jury against defendants were in identically the same language, the only difference appearing in the designation of the time when the offense was allegedly committed. Each defendant was charged with taking indecent and improper liberties with a female child under twelve years of age, in that he rubbed his private organ against that of said child.

According to the presentence reports of the probation officer, designated by appellants as a part of the record on appeal, the following facts appear: Defendant Sacoco, age 49 and unmarried, is an employee of Pioneer Mill Company in Lahaina, Maui. His work supervisor characterizes him as one of the best workers. Being stable and frugal, he has effected savings amounting to almost $5,000. As to his record, he was convicted of assault and battery in 1946 and of being drunk and disorderly in 1950. Prior to being sentenced, he expressed his repentance to the trial court. In the case of Cuaresma, he is 53 years of age and married but has not seen his wife, who is in the Philippines, since 1928. He is a quiet and friendly person, having befriended the child involved in this case and her parents to the extent of helping the family to purchase a television set and a new car. He has contributed regularly to his family in the Philippines. He is employed and has no record. Prior to being sentenced, he too expressed repentance.

It is noted that in imposing the five-year sentence upon each defendant, the trial court declared in effect that, although it was cognizant of the merit in the process of rehabilitation, there were times when the protection of

society was more important than rehabilitation. Said the court: "I realize, as counsel has stated, the man has a good record heretofore, but as I stated in the previous case, there are times when the court feels it has got to use the protective power of the court for the protection of the people. It isn't a question merely of rehabilitation. Rehabilitation is for his benefit. I think this is a case where the court has got to go beyond that and there is a duty of protecting society."

Counsel for defendants, in seeking modification of the sentence, advances two contentions: first, that the sentence is so excessive that the substantial rights of defendants have been disregarded; secondly, that in the imposition of such sentence the trial court abused its discretion.

Both contentions are without merit. It is noted that in the briefs and oral presentation defendants repeatedly admit that the trial court's sentence was "within legal limits." The court's discretion is not disputed but an abuse of such discretion is claimed.

R.L.H. 1955, § 309-17, provides that whoever is guilty of indecent assault upon a child under twelve years of age "shall be fined not more than $1,000 or imprisoned at hard labor not more than five years or both."

R.L.H. 1955, § 258-52, provides: "In all cases in which a person has been convicted of a felony, except in cases in which the penalty prescribed by law is imprisonment for life not subject to parole, the court in imposing sentence shall impose the maximum term of imprisonment prescribed by law for the crime for which he was convicted; * * *." The same statute continues on and makes provision for the fixing of the minimum term by the board of paroles and pardons, subject to the approval or modification of such minimum by the court having jurisdiction of the case.

That the foregoing statute is mandatory with respect

to the imposition of the prescribed maximum term of imprisonment, there is no gainsaying. Where the law prescribes a penalty which consists of or includes imprisonment for an indeterminate term of years, the court has no discretion or alternative but to impose the maximum, the minimum to be set at a later date as provided by § 258-52. *Territory* v. *Waiamau,* 24 Haw. 247. Other authorities supporting this view can be cited *ad infinitum.* A typical case is *Pierce* v. *Smith,* 31 Wash. 2d 52, 195 P. 2d 112. There the defendant was convicted of indecent assault and sentenced to not less than 20 years. Discussing the indeterminate sentence law, the court said: "It is mandatory, under Laws of 1935, * * * upon the court to fix the maximum term of sentence only. Within six months after the admission of such convicted person to the penitentiary or reformatory, as the case may be, the board of prison terms and paroles 'shall fix the duration of his or her confinement.' " See also *State* v. *Korth,* 204 Iowa 667, 215 N.W. 706; *People* v. *Knudsen,* 394 Ill. 90, 67 N.E. 2d 171; *People* v. *Murphy,* 2 N.Y.S. 2d 731; 24 C.J.S., *Criminal Law,* § 1993, pp. 1217, 1218.

Defendants cite a number of Hawaii cases beginning with *Territory* v. *Chong,* 36 Haw. 537, to demonstrate that this court has exercised its revisory power in the past and reduced excessive sentences. It should be noted that all the cases cited involved traffic violations or misdemeanors wherein the trial court was not bound by the statutory provisions governing sentences in felony cases.

It is conclusive, therefore, that when the trial court in the instant case decided upon the course of incarceration, it had no statutory authority to mete out any term less than five years. Counsel, however, contends that under the circumstances of the cases and upon the record of each defendant, the court should have suspended the imposition of a prison sentence and imposed a substantial

fine. R.L.H. 1955, § 258-53, authorizes every circuit court in all cases of conviction, except in certain specified types of criminal cases, to "suspend the imposition or execution of sentence, in full or in part, and place the defendant upon probation for such period and upon such terms and conditions as it may deem best," when it is satisfied that the ends of justice and the best interests of the public as well as of the defendant will be subserved thereby. Urging that the trial court erred and that this court should direct a modification of the sentence in the two cases, defendants invoke the provisions of R.L.H. 1955, § 212-14, relating to the revisory powers of this court.

Whether a defendant should be imprisoned or given a suspended sentence is a matter which lies within the discretionary province of the trial court. It is a universally accepted aphorism in appellate jurisprudence that a discretion vested in a trial court and exercised by it will not be disturbed unless it affirmatively appears that there has been a plain abuse of such discretion. *Harbrecht* v. *Harrison*, 38 Haw. 206; *McMillan* v. *Peters*, 30 Haw. 148. Admittedly, the determination of the existence of clear abuse is a matter which is not free from difficulty and each case in which abuse is claimed must be adjudged according to its own peculiar circumstances. Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Defendants here claim that the sentence was so excessive as to injuriously affect their substantial rights. The term "substantial right" has been defined generally as embracing the idea of a legal right — something to which a party may lay claim as being legally entitled to. *Armstrong* v. *Herancourt Brewing Co.*, 53 Ohio St. 467, 42 N.E. 425 at 427.

In *State* v. *Hackley,* 21 Conn. Supp. 412, 158 A. 2d 859, the defendant, upon his plea of guilty, to indecent assault and rape, was sentenced to ten years for the former and an indeterminate term of not less than twenty-five nor more than thirty years for the latter. On appeal for excessiveness, the court said: "In reviewing a penalty, the opinion of the trial judge deserves great weight and careful consideration. * * * The type of offenses are of the worst kind. They are inherently immoral in nature and their commission inflicts high personal and social injury. The high sentences provided by law for them are another measure of the gravity with which such crimes are regarded. * * * These warranted emphasis upon a prolonged confinement for the protection of society." See also *Nethken* v. *State,* 56 Ariz. 15, 104 P. 2d 159; *Onstott* v. *State,* 156 Neb. 55, 54 N.W. 2d 380; *State* v. *Ivan,* 33 N.J. 197, 162 A. 2d 851; *State* v. *Tracy,* 219 Iowa 1412, 261 N.W. 527.

The penological theories anent the punishment of criminals are well known to the judiciary. The atavistic objective of vengeance has long been discarded. Criminal punishment today is influenced by the concept of rehabilitation of the offender and not merely by that of prevention of recidivism and deterrence and caution to others in the society. In the process of sentencing there is no mathematical yardstick to fix the precise type of penalty to be imposed. It is the function of the trial judge to make the determination by considering and weighing all factors and pertinent circumstances. In so doing a broad discretion must perforce be exercised. As previously pointed out, in this jurisdiction a statutory discretion is vested in every circuit court to incarcerate or to place the offender on probation.

Claiming that this is the first offense of this nature for each defendant, that they are good and frugal workers,

that they have maintained a good record, and that they have both expressed their repentance, counsel urges that the trial court abused its discretion in refusing to place them on probation. We do not agree. It is patent, as clearly indicated in the above quoted presentence statement of the court, that the court did weigh all the circumstances and conclude that the gravity of the offense warranted the penalty of imprisonment. There was no abuse of discretion. Neither did the "substantial rights" claimed by defendants to have been injured or prejudiced ever exist, nor was the punishment cruel or unusual within the purview of the constitutional inhibition. *Lathem* v. *United States,* 259 F. 2d 393.

The facts upon which the trial court based its sentences indicate that defendants' acts of lechery consisted not merely of fondling the female child by the use of their hands, but of actually using their private organs. The obvious gravity of the offense was reflected by the trial court's remark: "* * * it looks to me like this defendant could almost have been charged with assault with intent to have sexual relations, in which case he would be subject to the penalty of carnal abuse or whatever the penalty for that is."

The matter of sentence rests peculiarly within the province of the trial court. This court will not substitute its discretion for that of the trial court exercised under sanction of law. Apropos is the following statement of the supreme court of Pennsylvania: "* * * it does not lie within our province, as an appellate court, to attempt the imposition of 'a fixed and immutable standard' upon juries and trial courts for the guidance of their discretion in discharging their statutory duty to fix the penalty * * *." *Commonwealth* v. *Taranow,* 359 Pa. 342, 59 A. 2d 53.

Finding no error, the judgment is affirmed.

*Meyer M. Ueoka* (*Ogata & Ueoka*) for plaintiffs in error.

*Kase Higa,* Deputy County Attorney of Maui (*Harold L. Duponte,* County Attorney) for defendant in error.