**Norbert ABEYTA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8785.**

United States Court of Appeals
Tenth Circuit.

Nov. 8, 1966.

---

Louis G. Stewart, Jr., Albuquerque, N. M., for appellant.

Scott McCarty, Asst. U. S. Atty., Albuquerque, N. M. (John Quinn, U. S. Atty., and John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

PICKETT, Circuit Judge.

Appellant Abeyta, with co-defendant Richard Romero, was charged in a two-count indictment with illegal possession and transfer of marihuana, in violation of 26 U.S.C. § 4744(a), and § 4742(a). He was convicted by a jury and appeals from the sentence entered on the verdict, contending that the trial court erred in failing to ask certain questions of prospective jurors on voir dire examination and in limiting the cross-examination of a state law enforcement officer.

At the beginning of the trial, Abeyta requested that a number of questions be asked the prospective jurors on voir dire. He asserts that "The failure to propound question number 2 constitutes appellant's principal assertion of error."[1] The question was directed not to law enforcement officers, but rather to any witness the government might offer. Furthermore, it did not search possible prejudice arising merely because of a witness' official capacity. Consequently the question, as submitted, was improper and had no probative value. Chavez v. United States, 10 Cir., 258 F.2d 816, cert. denied sub nom. Tenorio v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577. We have examined the record and conclude that the court fully and fairly examined the prospective jurors on voir dire and did not abuse its discretion in refusing to ask certain of the questions submitted. See, Rule 24 (a) F.R.Cr.P.; Grandsinger v. United States, 10 Cir., 332 F.2d 80; Speak v. United States, 10 Cir., 161 F.2d 562.

Government witness Kingsbury was a detective employed by the Bernalillo County Sheriff's Department in New Mexico. He was an experienced law enforcement agent, formerly employed by the U. S. Border Patrol, the Albuquerque, New Mexico Police Department, and the Las Vegas, Nevada Police Department. On cross-examination Kingsbury testified that he left the Albuquerque Police Department in March of 1961 for a better job. The court refused to permit further questioning as to Kingsbury's reason for leaving that employment. Romero's counsel then offered to prove that Kingsbury had been requested to resign from the Albuquerque Police Department because of insubordination, in that "he was a little bit too interested in his work. He went a little too far in his work." Although cross-examination pertinent to the credibility of a witness and for the development of facts which may tend to show bias or prejudice should be given the "largest possible scope", nevertheless, as we said in Foster v. United States, 10 Cir., 282 F.2d 222, 224: "the trial court is the governor of the trial with the duty to assure its proper conduct and the limit of cross-examination necessarily within its discretion." See, also, Jennings v. United States, 10 Cir., 364 F.2d 513. In sustaining the objection to this line of questioning, we find no abuse of discretion.

Affirmed.

1. Question number 2 reads:
"Do any of the prospective jurors feel that they would attach greater importance and credence to testimony given by Government witnesses than they would to the testimony of non-Government witnesses?"