COMMONWEALTH *vs.* EDDIE RAY, JR. July 11, 1979. The defendant has
appealed from his conviction of rape and has argued two assignments
of error. There was no error.

1. After a number of questions had been put to a police officer during
cross-examination by the defendant's counsel concerning the place at
which the victim had met the defendant and whether those premises
were licensed for the sale of liquor, counsel asked the officer, "And this
liquor license would have been obtained through the liquor commis-
sion?" The prosecuting attorney's objection on the ground of "materi-
ality" was sustained. While how far the cross-examination of a witness
may be relevant to the issue on trial must be left largely to the discre-
tion of the trial judge (*Commonwealth* v. *Nassar,* 351 Mass. 37, 43-44
[1966]), the defendant had had the indulgence of that discretion until
he asked the question to which exception was taken. Compare *Com-
monwealth* v. *Mott,* 5 Mass. App. Ct. 811 (1977). Whatever relevance
the answer to that query might have had to the issue on trial was so
attenuated that there was no abuse of discretion in its exclusion.

2. After the admission in evidence of two photographs which bore
the date on which the defendant had been booked on the rape charge
and which tended to disprove the defendant's statement that he had
never worn a flowered shirt of the type he was said to have been
wearing at the time of the crime, the defendant was asked by the
prosecutor, "Tell the judge and the jury when that picture was taken."
The defendant's counsel objected to the prosecutor's refusal to show
the photographs to the defendant in order that he could "know what
picture you're talking about." When one reads the three pages of
transcript immediately preceding the one on which the quoted ques-
tion appears, it becomes obvious that the defendant had not only seen
the photographs but was quite eager to inform the court when they
had been taken. Immediately after his counsel's objection was over-
ruled, the defendant testified that the photographs had been taken
when he was fifteen years old. (He was seventeen at the time of the
crime.) We regard this assignment as totally devoid of merit.

*Judgment affirmed.*

The case was submitted on briefs.
*Hugh W. Samson* for the defendant.
*William T. Walsh, Jr.,* Assistant District Attorney, for the Common-
wealth.