STATE OF HAWAII, Plaintiff-Appellee, *v.* MAURICE W. FAULKNER, Defendant-Appellant

NO. 7586

FEBRUARY 23, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY HAYASHI, C.J.

Appellant was convicted in a jury trial of resisting an order to stop motor vehicle (HRS § 710-1027)[1] and sentenced to one year's probation with the requirement that he undergo mental health counseling. He appeals that conviction and raises as error three main issues: 1. whether the trial court improperly denied his motion for acquittal; 2. whether the trial court abused its discretion in a) limiting the appellant's cross-examination, and b) excluding the testimony of a former attorney regarding a prior case; and 3. whether the trial court abused its discretion in denying the appellant's motion for a new trial. For the reasons stated hereinafter, we affirm.

The facts reveal the following: On April 28, 1979, Officer Redling of the Harbors Division Police received a complaint that parts were being removed from a car parked in an area under the supervision of the Harbors Division. He proceeded to the site in his marked patrol car and observed the appellant removing parts from a yellow Mazda. He inquired whether the appellant owned the car and requested his identification. Appellant did not respond and walked over to his own car and got in to start it. Officer Redling ordered the appellant out of the car and upon his refusal to do so, Redling reached into the car to grab the keys. Officer Redling then told appellant he was under arrest. The appellant struck Redling and the car moved forward a short distance while Redling was still hanging on. Redling removed the keys and stopped the car. Appellant was then placed under arrest and charged with reckless endangering and resisting an order to stop motor vehicle. Appellant's version of the events leading to his arrest differs slightly from Officer Redling's. He testified that Officer Redling, upon recognition of the appellant, stated that he finally "get you where I want you"; and that Officer Redling knocked him into the car so severely that his tooth was

---

[1] HRS § 710-1027(1) provides that:

    (1) A person commits the offense of resisting an order to stop a motor vehicle if he intentionally fails to obey a direction of a peace officer, acting under color of his official authority, to stop his vehicle.

broken. He started his car in an effort to escape from Officer Redling whom he feared from previous encounters. The trial court granted appellant's motion for judgment of acquittal with respect to the charge of reckless endangering; and the jury, on July 24, 1979, returned a verdict of guilty on the second charge. Appellant filed a motion for new trial on August 3, 1979, when it was learned that the appellant was arrested again by Officer Redling two days after the trial and according to the attached affidavits, beaten by Officer Redling. Appellant also sought a new trial on the basis of undisclosed contact by a juror with his attorney. After the verdict was entered, appellant's counsel learned that the jury foreperson had attended a lecture given by counsel wherein counsel had expressed what counsel felt were radical views on police procedure and criminal law. In her motion, counsel alleged that the failure of the juror to reveal this matter was prejudicial to appellant's case. The motion was denied and this appeal taken.

Appellant first contends that the trial court erred in its denial of his motion for judgment of acquittal. Appellant argues that because he believed based upon a prior experience, that the Harbors Division did not have jurisdiction over the area in which he was arrested, his failure to heed the directives of Officer Redling was warranted. We disagree.

It has been established that in passing upon a motion for judgment of acquittal, the trial judge must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weighing the evidence, and drawing justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt. *State v. Rocker*, 52 Haw. 336, 475 P.2d 684 (1970). On appeal of the denial of the motion, a reviewing court will not disturb the lower court's ruling if the evidence of the prosecution is such that "a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *State v. Kahalewai*, 55 Haw. 127, 516 P.2d 336 (1973), *State v. Rocker, supra.*

At the close of the State's case, the following had been established: 1. the aforementioned facts leading to appellant's arrest, 2. Officer Redling was in uniform and was

driving a Harbors Division patrol vehicle, and 3. testimony of Adam Vincent of the State of Hawaii Department of Transportation, Harbors Division, that the area in question was within the jurisdiction of the Harbors Police.

The state of the evidence at the time appellant's motion was made was such that, at minimum, a *prima facie* case for the offense charged had been established. Therefore, we conclude that the court did not err in denying appellant's motion for judgment of acquittal.

Appellant's next contention is that he was denied his right to a fair trial by the limitations that the court imposed on his cross-examination of Officer Redling and the court's exclusion of the proposed testimony of Ron Yonemoto, a deputy public defender, about a prior case involving the appellant and other Harbors Division police officers. The court refused to allow appellant to impeach Officer Redling's testimony by questioning him whether his two former wives had charged him with assault and about the reasons for his termination from a previous place of employment. The trial court also refused to permit testimony from Officer Redling's immediate superior regarding standard police procedures following arrest.

The law is well-settled that the admissibility of evidence, generally, and the scope of cross-examination at trial are matters exercised within the discretion of the trial court. *State v. Vincent*, 51 Haw. 40, 450 P.2d 996 (1969); *Hawley v. State*, _____ Alas. _____, 614 P.2d 1349 (1980). It is equally well-settled in appellate jurisprudence that a discretion vested in a trial court and exercised by it will not be disturbed absent a clear showing of abuse. *State v. Sacoco*, 45 Haw. 288, 367 P.2d 11 (1961). The burden of establishing abuse of discretion is on appellant and a strong showing is required to establish it. To constitute an abuse, it must appear that the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant, 24A C.J.S. *Criminal Law* 1861; *State v. Sacoco, supra.*

The trial court did not abuse its discretion when it refused to allow appellant to impeach Officer Redling's testimony

with allegations that he had beaten two of his former wives and the circumstances surrounding the termination of his former employment. These matters were properly ruled irrelevant and had no bearing on the charges alleged against the appellant.

> The principal purpose of cross-examination is to probe the credibility of the witness and the truthfulness of his testimony, *Davis v. Alaska,* 415 U.S. 308, 94 S. Ct. 1105 (1974), not to present one's own case. [Citation omitted.] In determining the proper scope of cross-examination, the trial court must necessarily be vested with sufficient discretion both to keep cross-examination to its primary purpose and to maintain orderly, expeditious and relevant presentation of the evidence to the trier of fact. [Citation omitted.]

*Letsinger v. U.S.,* D.C. App., 402 A.2d 411 (1979).

The trial court's exercise of its discretion to limit the scope of cross-examination will not be ruled as reversible error when it limits irrelevant and repetitious questions by counsel which do not result in any manifest prejudice to the defendant. *Abeyta v. U.S.,* 368 F.2d 544 (10th Cir. 1966); *Patterson v. U.S.,* 361 F.2d 632 (8th Cir. 1966); *People v. Mosley,* 71 Ill. App. 3d 808, 390 N.E.2d 364 (1979); *Roberts v. State,* 243 Ga. 604, 255 S.E.2d 689 (1979); *Commonwealth v. Ray,* ____ Mass. App. ____, 391 N.E.2d 960 (1979). Likewise, the exclusion of certain evidence is within the discretion of the court and such exclusion properly exercised within the bounds of discretion does not violate the defendant's right to due process. *U.S. v. Corr,* 543 F.2d 1042 (2d Cir. 1976); *Hawley v. State, supra.*

Appellant sought to introduce the testimony of Officer Redling's supervising officer regarding police procedures. The court ruled the testimony irrelevant.

> THE COURT: What's the offer of proof?
> MS. MELVIN: One, this witness is the supervising officer and we would like to go into police procedures, your Honor; two, we also wish to bring out the background of Mr. Faulkner's belief as to Harbor Patrol officers act-

ing in areas that are not in its jurisdiction and this witness can give us background on that.

THE COURT: If he were allowed to testify, he would be testifying to what, in the way of procedures?

MS. MELVIN: Whether one is supposed to get the name and address of a witness, whether one is supposed to take relevant evidence if one believes that a crime has been committed.

MS. HIRAI: I believe that testimony was already elicited from Officer Redling.

MS. MELVIN: We believe this is Officer Redling's superior and we believe Officer Redling doesn't have an appropriate understanding of police procedures and this is an attempt to discredit Officer Redling's understanding and bring the superior —

THE COURT: I will overrule that portion as irrelevant and I would not allow the witness to testify in that area.

The court also ruled as irrelevant the proposed testimony of a former defense attorney for appellant to establish appellant's belief that the Harbors Division patrol officers did not have jurisdiction in the area in which appellant was arrested. The attorney had represented appellant following his arrest a year and a half prior to the case at bar. Given the record before us, we cannot conclude that the trial court abused its discretion in excluding the testimony.

Appellant's last contention is that the trial court erred in denying his motion for new trial on the bases of newly discovered evidence and juror misconduct.

A new trial based on newly discovered evidence is properly granted provided that the evidence meets the following criteria: 1. The evidence has been discovered after trial; 2. Such evidence could not have been discovered before or at trial through the exercise of due diligence; 3. The evidence is material to the issues and not cumulative or offered solely for purposes of impeachment; and 4. The evidence is of such a nature as would probably change the result of a later trial. *State v. McNulty*, 60 Haw. 259, 588 P.2d 438 (1978). Implicit in the court's established criteria is the well-settled notion

that the newly discovered evidence upon which the motion for new trial is based must be evidence consisting of facts that were in existence and hidden at the time of the trial. *Ryan v. U.S. Lines Co.*, 303 F.2d 430 (2d Cir. 1962); *Nordin Construction v. City of Nome*, 489 P.2d 455 (Alaska 1971).

In his motion for new trial appellant offered evidence that he had been arrested and beaten by Officer Redling two days after the trial in this case had ended. The granting or denial of a motion for new trial is an action within the discretion of the trial court and will not be overturned on appeal absent a showing of clear abuse of discretion. *State v. McNulty, supra; Stahl v. Balsara*, 60 Haw. 144, 587 P.2d 1210 (1978). Given the record before us, we cannot conclude that the trial court, in light of the criteria set forth in *State v. McNulty, supra*, abused its discretion in denying appellant's motion for new trial on the basis of newly discovered evidence.

Appellant also argues that a new trial should have been granted because a juror's failure to reveal a previous encounter with appellant's counsel prevented him from exercising a preemptory challenge for possible bias.

At the close of the trial, appellant's counsel conversed with one of the jurors regarding the verdict reached. During the course of the conversation, appellant's counsel learned that the juror had attended a meeting at which appellant's counsel was a speaker. Appellant's counsel argued that had she known of the juror's attendance at the meeting, she would have excused her from the panel because the views she had expressed in the speech were somewhat radical and could have been a possible basis for bias against the appellant. Appellant argues that the juror's failure to respond completely or affirmatively to the general inquiry of whether she knew or was acquainted with appellant's counsel was an act of concealment on the part of the juror that entitles him to a new trial. Since the *voir dire* examination is not in the record, it is impossible to properly ascertain what was asked; and there is a complete failure to show that the jurors did not answer fully the questions which were asked. On appeal, the burden is on the party asserting error below to make it mani-

fest in the record. See *State v. Murphy*, 59 Haw. 1, 575 P.2d 448 (1978).

Based upon the foregoing, given the evidence before us, we find no abuse of discretion in the court's denial of appellant's motion for new trial on the basis of jury misconduct.

Accordingly, the judgment of the trial court is affirmed.

*Barbara Melvin* for defendant-appellant.

*Colleen K. Hirai*, Deputy Prosecuting Attorney, for plaintiff-appellee.