**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000438**
**29-APR-2022**
**08:00 AM**
**Dkt. 40 MO**

NOS. CAAP-20-0000438, CAAP-20-0000506, AND CAAP-20-0000650

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
STANLEY CANOSA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 1PC091001524)

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

This is the third appeal from the underlying criminal case.  In this appeal, Defendant-Appellant Stanley Canosa (**Canosa**) appeals from the "Judgment of Conviction and Sentence" (**2020 Judgment**) filed on June 4, 2020, the "Amended Judgment of Conviction and Sentence" (**2020 Amended Judgment**) filed on July 10, 2020, and the "Order Denying Defendant's Motion to Correct Illegal Sentence Pursuant to Rule 35(a) of the Hawaii Rules of Penal Procedure Filed 8/24/20" (**Order Denying Motion to Correct Illegal Sentence**) filed on October 21, 2020, all entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

---

[1]  The Honorable Karen T. Nakasone presided.

The appeals from the 2020 Judgment and 2020 Amended Judgment were consolidated under CAAP-20-0000438.  Canosa then requested that the consolidated appeals from the 2020 Judgment and 2020 Amended Judgment be consolidated with the appeal from the Order Denying Motion to Correct Illegal Sentence, which this court granted and consolidated under CAAP-20-0000650.

In Canosa's first trial, the jury found him guilty of Burglary in the First Degree, in violation of Hawaii Revised Statutes (**HRS**) § 708–810(1)(c) (2014); Sexual Assault in the First Degree, in violation of HRS § 707–730(1)(a) (Supp. 2013); and Unauthorized Entry in a Dwelling, in violation of HRS § 708–812.6 (Supp. 2010).  He was sentenced to serve an extended term of imprisonment of twenty years for burglary, life with the possibility of parole for sexual assault, and ten years for unauthorized entry in a dwelling, all to run concurrently.  The convictions were vacated by this court in Canosa's first appeal. State v. Canosa (**Canosa I**), No. CAAP–11–0001051, 2014 WL 503045 (Haw. App. Feb. 7, 2014) (mem.).

On remand, he was convicted in a second jury trial of Burglary in the First Degree (**Count 1**) and Unauthorized Entry in a Dwelling (**Count 3**) (**2016 Judgment**).  During the sentencing phase of the second trial, the jury made findings as to both Count 1 and Count 3 that the State had proven beyond a reasonable doubt that: Canosa was a persistent offender (in that he had previously been convicted of two or more felonies committed at different times when he was 18 years of age or older); Canosa was a multiple offender (in that he was being sentenced for two or more felonies); and extended sentencing was necessary to protect the public.  In the 2016 Judgment, Canosa was thus sentenced in Count 1 to an extended term of twenty (20) years, and in Count 3 to an extended term of ten (10) years.  The Circuit Court imposed the sentences to run <u>consecutively</u>.

In the second appeal, this court affirmed Canosa's conviction in the second trial, but vacated his new sentence on grounds that consecutive sentencing resulted in the new sentence being more severe for Counts 1 and 3 following retrial than the initial sentence, in violation of HRS § 706-609.  The case was again remanded, this time only for resentencing.  State v. Canosa (**Canosa II**), No. CAAP-16-0000497, 2018 WL 1889511 (Haw. App. Apr. 20, 2018) (SDO).

On further remand, the Circuit Court resentenced Canosa in Count 1 to an extended term of twenty years, and in Count 3 to an extended term of ten years, with these terms to run concurrently.  On July 10, 2020, the 2020 Amended Judgment was entered, apparently to address clerical errors in the 2020 Judgment.[2]  On October 21, 2020, the Circuit Court entered its Order Denying Motion to Correct Illegal Sentence.

Now, in this third appeal, Canosa contends the Circuit Court erred by: (1) resentencing him in the 2020 Judgment and 2020 Amended Judgment to extended sentences after the maximum penalty prescribed by law for the underlying convictions in Counts 1 and 3 had already expired; and (2) denying his motion to correct the 2020 Amended Judgment.

We conclude the Circuit Court properly exercised its authority to resentence Canosa to extended terms of imprisonment in Counts 1 and 3, with each sentence to run concurrently.  We therefore affirm the 2020 Amended Judgment and the Order Denying Motion to Correct Illegal Sentence.

## I.  Background

As summarized above, there have been two trials in this criminal case, and this is the third appeal.

### A.  First Trial and First Appeal

Canosa was indicted in 2009 on five counts: Burglary in the First Degree (**Count 1**); Sexual Assault in the First Degree (**Count 2**); Unauthorized Entry in a Dwelling (**Count 3**); and Sexual Assault in the Third Degree (**Counts 4 and 5**).[3]

In the first trial, Canosa was convicted of Burglary in the First Degree (Count 1), Sexual Assault in the First Degree (Count 2), and Unauthorized Entry in a Dwelling (Count 3).  See

---

[2]  In the 2020 Judgment, the Circuit Court resentenced Canosa to concurrent extended terms of imprisonment of twenty years in Count 1 and ten years in Count 2.  However, the extended ten years of incarceration actually pertained to Count 3.  Thus, the 2020 Amended Judgment reflects an extended sentence of ten years for Count 3.

[3]  The complaining witness was the same person in Counts 1 through 3, but there were different complaining witnesses for Counts 4 and 5.

Canosa I.  Canosa was acquitted with respect to Counts 4 and 5.
Id.  After the first trial, Canosa was sentenced to an extended
term of imprisonment of twenty years in Count 1, Life with the
Possibility of Parole in Count 2, and an extended term of ten
years in Count 3, to run concurrently (**2011 Judgment**).

In the first appeal to this court, Canosa raised
numerous arguments, including that the prosecuting attorney
improperly commented during closing argument about a $75 debt
Canosa owned to a complaining witness's boyfriend, which was not
in evidence.  Id. at 5.  Because the prosecution argued facts not
in evidence to undermine the defense theory of the case, this
court held the improper statement was not harmless beyond a
reasonable doubt.  Id. at 5-6.  Thus, the 2011 Judgment was
vacated and we remanded for a new trial on Counts 1, 2, and 3.
Id. at 6.  The Hawaiʻi Supreme Court subsequently rejected
Canosa's application for a writ of certiorari.  State v. Canosa,
No. SCWC-11-0001051, 2014 WL 2765222, at *1 (Haw. June 17, 2014).

**B.    Second Trial and Second Appeal**

On remand, a second trial was held and Canosa was
convicted on Counts 1 and 3 (**2016 Judgment**).[4]  As noted above,
during the sentencing phase of the second trial, the jury made
findings as to Counts 1 and 3 to support extended sentences on
both counts.  Canosa was sentenced to an extended sentence of
twenty years for Count 1 and an extended sentence of ten years
for Count 3, with the Circuit Court imposing the sentences to run
consecutively.

In his second appeal, Canosa argued, among other
things, that the Circuit Court erred "by sentencing him to
extended and consecutive terms of imprisonment, by imposing a new
sentence that is more severe following retrial in violation of
HRS § 706-609 (2014)[.]"  Canosa II, 2018 WL 1889511 at *2.  We
noted, however, that Canosa did not "challenge the Circuit
Court's authority to impose either extended or consecutive terms

---

[4]  Count 2 was dismissed without prejudice because the jury was hung.

nor does he dispute that the jury found the State proved beyond a reasonable doubt that Canosa was a multiple offender and that it was necessary for the protection of the public to extend his sentences."  Id. (citing HRS § 706-662 (2014) and HRS § 706-664 (2014)).

We determined that the Circuit Court did not abuse its discretion in sentencing Canosa to extended terms, given that "the jury made the required factual findings under HRS § 706-662[.]"[5]  Id. at *3.  We also determined the lower court did not abuse its discretion by sentencing Canosa to consecutive terms of imprisonment "[g]iven that the Circuit Court articulated on the record" that "it considered the HRS § 706-606 factors and, after doing so, concluded that '[Canosa] has shown himself to be a danger to the community.'"  Id. (second alteration in original).

However, we concluded that:

> while the individual prison terms imposed for each count in the second sentence were identical to those imposed in the first sentence, due to the imposition of consecutive terms in Canosa's second sentence, the maximum possible imprisonment was increased from twenty to thirty years.  Therefore, Canosa's second sentence was more severe and violated HRS § 706-609, and we must remand.

---

[5]  HRS § 706-662 (2014) provides, in relevant part:

> A defendant who has been convicted of a felony may be subject to an extended term of imprisonment under section 706-661 if it is proven beyond a reasonable doubt that an extended term of imprisonment is necessary for the protection of the public and that the convicted defendant satisfies one or more of the following criteria:
>
> (1) The defendant is a persistent offender in that the defendant has previously been convicted of two or more felonies committed at different times when the defendant was eighteen years of age or older;
>
> . . . .
>
> (4) The defendant is a multiple offender in that:
>
> > (a)  The defendant is being sentenced for two or more felonies or is already under sentence of imprisonment for any felony[.]

5

<u>Id.</u> (emphasis added) (citing <u>Keawe v. State</u>, 79 Hawai‘i 281, 901 P.2d 481 (1995); <u>State v. Samonte</u>, 83 Hawai‘i 507, 543, 928 P.2d 1, 37 (1996)).  Accordingly, we vacated the Circuit Court's 2016 Judgment "to the extent it impose[d] consecutive sentences in violation of HRS § 706-609 and remand[ed] for resentencing[.]" <u>Id.</u> at *4.  The Hawai‘i Supreme Court rejected Canosa's application for a writ of certiorari on this second appeal. <u>State v. Canosa</u>, No. SCWC-16-0000497, 2019 WL 258698, at *1 (Haw. Jan. 18, 2019).

### C.  Resentencing Hearing and Current Appeal

On further remand, in light of <u>Canosa II</u>, the State requested concurrent extended terms for resentencing Canosa.  By the time Canosa was being resentenced, on June 4, 2020, Canosa had served over ten years in prison, having been incarcerated since his arrest on September 22, 2009.  At the resentencing hearing, although represented by counsel, Canosa requested and the Circuit Court allowed, Canosa to speak on his own behalf because he did not agree with the argument his counsel was making.  When permitted to speak, Canosa argued he had been prejudiced because he was not resentenced before the maximum ten-year and five-year sentences on Counts 1 and 3, respectively, had expired on September 22, 2019 (calculated from his arrest on September 22, 2009).  In particular, Canosa argued this delay, resulting in the expiration of the ordinary term of imprisonment prescribed by HRS § 706-660, prohibited him from arguing for mitigation and/or allocution of his sentence.  Due to this prejudice, Canosa believed he should have been released.

In response, the Circuit Court stated:

> One of the objections defendant raised is the delay. And there was a delay from the time that the Supreme Court rejected certiorari from January 2019 to the time the sentencing -- we began to try to schedule -- try to reschedule this resentencing. So you know, Mr. Canosa, I can tell you that it's unfortunate that the delay occurred. But the fact that there was a delay in having this resentencing -- and this is my ruling -- does not mean that in any way that the Court cannot legally resentence you or that the State -- there's any kind of waiver by the State. And the Court's ruling is that the fact that there was a delay in coming to this resentencing does not mean that there is an infirmity with the Court proceeding with sentencing today.

The Circuit Court proceeded to rule that "[t]he Court retains jurisdiction, the power, the authority, and the duty to resentence defendant in accordance with the directive of the appellate court. So that is the ruling on the delay objection." The Circuit Court continued to explain:

> Defendant argued today and in his written pleading that the extended terms cannot be imposed because the ordinary maximum term already expired. <u>And he argues that it's logically impossible to extend a sentence that is already expired and does not exist.</u>
>
> This Court interprets the remand as having vacated the prior sentences and the ICA remanded it back here for resentencing consistent with the appellate court order. <u>Defendant's status is post conviction pending resentencing, and the Court retains jurisdiction to resentence.</u>
>
> So the ICA's [2018] order vacated the June 27, 26 [sic] sentence with an order to resentence. So this Court – my conclusion is that the 2016 sentence is vacated. Defendant's pending sentencing. He is being held on existing trial custody orders. He is receiving all jail credit he's entitled to on Counts 1 and 3.
>
> <u>The vacated sentence does not mean that the ordinary sentence for Counts 1 and 2 [sic] was still running. And it doesn't mean that the ordinary sentence was running and expired and can no longer exist. So the Court rejects that argument that the Court can no longer sentence defendant to extended term because the ordinary sentence has run.</u>
>
> This argument -- <u>the Court's ruling is that this argument made by the defense is premised on the erroneous legal assumption that the ordinary sentences are still in effect and are running. And that's not the case.</u>
>
> So for these reasons, the objections are rejected and overruled. I've made my ruling.

(Emphases added.)

Prior to resentencing, the Circuit Court allowed Canosa to make a statement, during which he continued to present arguments for the court's consideration and resulting in the following dialogue:

> [Canosa]:   . . . . I not mistaken, I heard you say that the ordinary terms was not running while I was waiting for resentence. That's -- that don't sound like my right, with all due respect. The thing -- you cannot stop the time.
>
> The Court:  It's not stopped.
>
> [Canosa]:   No. But the ordinary time; right? The ordinary terms prescribed by –

> The Court:  Time is running because you're getting credit.
>
> [Canosa]:  Right, okay.
>
> The Court:  But there's no sentence yet. You're pending.
>
> [Canosa]:  . . . . But -- but the time still run. And before you was able to sentence me, that time expired, the ordinary terms. And one extended term is in essence extending the ordinary sentences beyond the statutory terms. And once that expired, I mean, what is there to extend?
>
> . . . .
>
> The Court:  I understand your argument, Mr. Canosa. I don't agree with it. And I don't think that's what the law says, so I made my ruling, you made your argument. You can take it up later. Okay?

As to sentencing, the Circuit Court stated:

> So based on the persistent offender -- based on the persistent offender status and that extended terms were necessary for the protection of the public, the Court finds that the extended terms are appropriate, that it constitutes just punishment, and that they are necessary to protect the public.
>
> The terms will run concurrent. It is the judgment and sentence of the Court that defendant will committed [sic] to the custody and care of the department -- Director of the Department of Public Safety for indeterminate terms of imprisonment as follows:
>
> Count 1, 10 years extended to 20 years in the Burglary.
>
> Count 3. UED, 5 years extended to 10 years.
>
> Terms to run concurrent. Defendant is to receive all credit for time served.

Following the resentencing hearing, the Circuit Court entered the 2020 Judgment on June 4, 2020, and the 2020 Amended Judgment on July 10, 2020.  On August 24, 2020, Canosa filed a motion to correct illegal sentence pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 35.  On October 21, 2020, the Circuit Court filed the Order Denying Motion to Correct Illegal Sentence.

Canosa appealed separately from the 2020 Judgment (resulting in CAAP-20-0000438), the 2020 Amended Judgment (resulting in CAAP-20-0000506), and the Order Denying Motion to Correct Illegal Sentence (resulting in CAAP-20-0000650).  We then consolidated the appeals.

8

## II.  Standard of Review

"[A] sentencing judge generally has broad discretion in imposing a sentence." Keawe v. State, 79 Hawai'i 281, 284, 901 P.2d 481, 484 (1995), amended (Oct. 2, 1995) (citations omitted). Moreover, "[t]he authority of a trial court to select and determine the severity of a penalty is normally undisturbed on review in the absence of an apparent abuse of discretion or unless applicable statutory or constitutional commands have not been observed." State v. Gaylord, 78 Hawai'i 127, 143-44, 890 P.2d 1167, 1183-84 (1995) (quoting State v. Valera, 74 Haw. 424, 439, 848 P.2d 376, 383, reconsideration denied, 74 Haw. 650, 853 P.2d 542 (1993)).

"The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision." Keawe, 79 Hawai'i at 284, 901 P.2d at 484 (citations omitted). "Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Kumukau, 71 Haw. 218, 227, 787 P.2d 682, 688 (1990) (quoting State v. Sacoco, 45 Haw. 288, 292, 367 P.2d 11, 13 (1961)).

## III.  Discussion

A.   **The Circuit Court had authority to resentence Canosa to extended terms following Canosa II**

In the instant appeal, Canosa argues the Circuit Court erred by "extending the expired ordinary terms of imprisonment prescribed by H.R.S., 706-660[6] for both . . . [Counts 1 and 3] convictions without being authorized by statute[.]" In other words, Canosa asserts that because Count 1 was a class B felony, HRS § 706-660 prescribes an "ordinary term" of ten years

---

[6]  HRS § 706-660 (1993) provides that the maximum term of imprisonment for a class B felony is ten years and the maximum term of imprisonment for a class C felony is five years.

imprisonment, and because Count 3 was a class C felony, HRS § 706-660 prescribes an "ordinary term" of five years imprisonment.  Canosa further contends that, by the time he was resentenced in 2020, he had fulfilled the "ordinary term" for both Counts 1 and 3 because he had been incarcerated since September 22, 2009, and thus his "ordinary term" for Count 1 expired on September 22, 2019, and his "ordinary term" for Count 3 expired on September 22, 2014.[7]  Canosa thus contends the Circuit Court did not have statutory authority to resentence him because that authority ended when his maximum ordinary sentences for Counts 1 and 3 were served, and accordingly, "there was no underlying sentence to extend . . . after September 22, 2019" and by extending his sentences the Circuit Court punished him twice for the same offense under principles of double jeopardy.

To the contrary, the State argues based on Canosa II that it is law of the case that the Circuit Court had authority to extend Canosa's terms of imprisonment.  The State cites the language in Canosa II that states "[g]iven that the jury made the required factual findings under HRS § 706-662 [2014], it was within the Circuit Court's discretion to sentence Canosa to extended terms of imprisonment."  Canosa II, 2018 WL 1889511 at *3.  The State further points to the explicit disposition in Canosa II in which this court vacated the 2016 Judgment only "to the extent it imposes consecutive sentences in violation of HRS § 706-609" and remanded "for resentencing consistent with this summary disposition order."  Id. at *4.  The State thus argues the only portion of the 2016 Judgment that was vacated was the consecutive sentences, and thus, the Circuit Court had the authority to resentence Canosa consistent with Canosa II.

_____

    [7]  When Canosa was resentenced after the second trial in 2016, he did not assert he had already served the "ordinary" five year term for Count 3 by September 22, 2014, such that the Circuit Court lacked authority in 2016 to sentence him for an extended ten years on Count 3.  At a minimum, therefore, his argument as to Count 3 is waived.

We conclude the Circuit Court retained authority on remand in 2020 to resentence Canosa to extended terms on Counts 1 and 3, regardless of whether the time under an ordinary maximum sentence for his convictions would have expired by the time of resentencing.  At no time in this case was Canosa sentenced to an ordinary maximum sentence under HRS § 706-660 for Counts 1 and 3.  Rather, his sentences on Counts 1 and 3 have always been for extended term sentences, including under the 2016 Judgment.  We agree with the Circuit Court's reasoning during the 2020 resentencing that when Canosa's second sentence under the 2016 Judgment was vacated, "[h]is status, in essence, reverted to that of an unsentenced felon."  State v. Keck, Nos. 29530, 29531, 2010 WL 4491240, at *1 (Haw. App. Nov. 10, 2010).  Notably, Canosa fails to cite authority, and we fail to find any, stating that a defendant's sentence automatically defaults to the statutory maximum term for the convicted crime when the defendant's consecutive extended sentences have been vacated and the case is remanded for resentencing.

To support his argument, Canosa relies on Ex parte Lange, 85 U.S. 163 (1873).  However, this case is inapposite.  Focusing on the right to be free from punishment for the same crime twice, the defendant in Lange was sentenced to one year imprisonment and payment of two hundred dollars even though the defendant was only liable for imprisonment of no more than one year imprisonment or a fine of no more than two hundred dollars.  Id. at 175.  After the defendant had paid the two hundred dollars and had served five days of the one-year sentence, the trial court then changed the judgment and sentenced the defendant to one year imprisonment from that time.  Id.  If the trial court's judgment had been permitted to stand, the defendant would not only have been excessively sentenced to a two hundred dollar fine and one year and five days of imprisonment, but would have been punished twice since he had already fulfilled one of the allowable alternative punishments by paying the two hundred

11

dollar fine.  Id. at 175-78.  Given these circumstances, the U.S. Supreme Court discharged the defendant.  Id. at 178.

Lange is not similar to this case in any material respect and does not support Canosa's claim that he is being subjected to double jeopardy.  The statute involved in Lange allowed for only one of the alternative punishments, the defendant was sentenced to both and then fulfilled one of them, before being resentenced to the other alternative.  Here, HRS § 706-662 authorizes extended sentences for Counts 1 and 3, the jury after the second trial made the necessary findings such that extended sentencing under HRS § 706-662 was proper for Counts 1 and 3, and in Canosa II this court already recognized that extended sentencing for Counts 1 and 3 was proper.  This was the status of the case when the case was again remanded pursuant to Canosa II for resentencing.  Thus, in sentencing Canosa to extended terms on Counts 1 and 3, to run concurrently, the Circuit Court was properly imposing a sentence that was authorized by HRS § 706-662 and which was consistent with the law of the case under Canosa II.

We further note that Lange has been expressly limited in subsequent cases, including by the United States Supreme Court.  See Jones v. Thomas, 491 U.S. 376, 383 (1989) (stating that "Lange therefore stands for the uncontested proposition that the Double Jeopardy Clause prohibits punishment in excess of that authorized by the legislature[.]" (citing United States v. DiFrancesco, 449 U.S. 117, 139 (1980)).

Moreover, contrary to Canosa's argument, he never fulfilled the ordinary maximum terms on Counts 1 and 3 because he was never sentenced to the ordinary maximum terms for those counts.  Lange is distinguishable.  The Circuit Court did not punish Canosa for the same crime twice upon resentencing him in 2020, and Canosa's extended sentence in 2020 was not in excess of what was authorized by statute.

We also decline to read HRS § 706-600 (2014) to limit the Circuit Court's resentencing authority.  Canosa would have

this court interpret HRS § 706-600, which provides "[n]o sentence shall be imposed otherwise than in accordance with this chapter[,]" to mean that the Circuit Court's "power [to extend his sentences] ended when the maximum sentences for each conviction were served[.]"  However, it would be absurd for sentences to default to the statutory maximum term while defendants await resentencing upon successfully exercising their right to appeal, especially when a jury makes the necessary findings that a defendant meets the criteria for extended terms of imprisonment.  Cf. State v. Haugen, 104 Hawaiʻi 71, 77, 85 P.3d 178, 184 (2004) (concluding an absurdity would result if the court applied a statute on sentencing for first-time drug offenders to a defendant with a prior drug conviction in another state).  Thus, we decline to interpret HRS § 706-600 in the manner argued by Canosa.

Because we conclude the Circuit Court did not err in resentencing Canosa in 2020, there was no error when the Circuit Court denied Canosa's motion to correct his sentence.

**B.    Canosa's Assertions of Plain Error at Oral Argument**

At oral argument,[8] Canosa asserted for the first time that the Circuit Court committed plain error by resentencing him to extended sentences without requiring the State to prove that he still remained a danger to the public at the time of resentencing,[9] and because Canosa was prejudiced by the State's delay in seeking to resentence him after Canosa II was issued and the supreme court denied his application for writ of certiorari on January 18, 2019.

---

[8]  Oral argument was held on April 20, 2022.

[9]  Canosa briefly asserted in his Opening Brief that the "extended sentence was an abuse of discretion as the State did not prove that [he] was a danger to the public."  Canosa failed to raise this issue as a point of error or provide any substantive argument, in violation of Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7).  Nonetheless, as Canosa confirmed at oral argument, he does not contest that after the second jury trial, in the sentencing phase, the jury found beyond a reasonable doubt that he is a persistent offender, a multiple offender, and that extended sentencing was necessary to protect the public.  See HRS § 706-662.

Canosa's first new argument was never previously raised and was therefore waived.  Further, Canosa provides no relevant authority for this new argument, essentially that the Circuit Court committed plain error by not requiring the State to convene a new jury during the 2020 resentencing to prove the facts necessary for extended sentencing under HRS § 706-622 at that time.  At oral argument, Canosa apparently asserted that United States v. Booker, 543 U.S. 220 (2005) supports this new argument.  Booker addresses the Sixth Amendment requirement that a jury make findings as to particular facts that the law makes essential to a defendant's punishment.  543 U.S. at 230-232.  However, Booker does not support Canosa's proposition that, although a jury in 2016 already made the necessary findings for his extended sentencing under HRS § 706-662, the passage of four years required that a new jury make the necessary findings for extended sentencing when Canosa was resentenced in 2020.[10]

Canosa's second new argument at oral argument was that he was prejudiced because the State delayed his resentencing after Canosa II was issued and the Hawaiʻi Supreme Court rejected Canosa's application for certiorari on January 18, 2019.  Canosa was not resentenced by the Circuit Court until June 4, 2020, over sixteen months after certiorari was denied in Canosa II.  Canosa asserts a variety of harms related to his possible parole being impacted and his inability to obtain services while incarcerated, among other harms due to the delay.  However, this argument was never made to the Circuit Court and there is nothing factually in the record on which Canosa can rest this argument.  Further, the State had no ability to anticipate this argument being raised at oral argument.  Therefore, this argument is deemed waived for purposes of this appeal, but without prejudice to Canosa raising this argument in a HRPP Rule 40 petition.

---

[10]  We also note that in Canosa II, this court had already held that Canosa's extended sentencing was proper given the jury findings in 2016. Canosa II, 2018 WL 1889511 at *3.

## IV.  Conclusion

For these reasons, we affirm the "Amended Judgment of Conviction and Sentence" filed on July 10, 2020, and the "Order Denying Defendant's Motion to Correct Illegal Sentence Pursuant to Rule 35(a) of the Hawaii Rules of Penal Procedure Filed 8/24/20" filed on October 21, 2020, by the Circuit Court of the First Circuit.  However, Canosa may pursue his claim of prejudice due to the delay in his 2020 resentencing through a HRPP Rule 40 petition.

DATED:  Honolulu, Hawaiʻi, April 29, 2022.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant

Stephen K. Tsushima, (Sonja P.
McCullen on the brief),
Deputy Prosecuting Attorney,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Keith K. Hiraoka
Associate Judge