STATE OF HAWAII, Plaintiff-Appellee, *v.* LEANOANO SAUFUA, also known as Samu Leota, Leota Samu, Leanoano S. Samfuia, and Sole Saufua, Defendant-Appellant

NO. 9611

(CRIMINAL NO. 58301)

MAY 16, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This appeal raises the question whether the mandatory minimum sentencing provisions of Hawaii Revised Statutes (HRS) § 706-606.5, may be imposed consecutive to the terms of imprisonment for the underlying felony convictions. The statute was incorrectly construed by the trial court and we reverse and remand for resentencing.

## I.

On October 6, 1983, Appellant was convicted of Robbery in the Second Degree in violation of HRS § 708-841. The State moved for revocation of probation and imposition of a mandatory minimum sentence under HRS § 706-606.5 because at that time, Appellant was serving a five year sentence of probation for an earlier conviction of First Degree Robbery and Burglary in violation of HRS § 708-840 and § 708-810, respectively.

The trial court revoked probation and sentenced Appellant to concurrent terms of twenty and ten years for the prior offense and to a ten year consecutive sentence for the instant conviction. It further sentenced Appellant to a three year mandatory minimum term under the repeat offender statute but ruled that it was to be served consecutive to the above sentence. Appellant was sentenced to a total of 33 years imprisonment.

## II.

HRS § 706-606.5 provides that an individual who has a prior conviction for one or more of the enumerated offenses and who, within the time for the maximum sentence for the prior conviction is again convicted for an enumerated offense shall be sentenced to a minimum period of imprisonment without possibility of parole. HRS § 706-606.5(1) and (2). It is undisputed that Appellant is subject to application of a three year minimum sentence under HRS § 706-606.5(2)(a) but here that sentence was added to the statutory maximum ten year sentence imposed for a conviction of Robbery in the Second Degree, a class B felony.[1] HRS § 708-841. The sole issue is whether the mandatory minimum term may be tacked as a consecutive sentence to that imposed for the underlying subsequent offense. We hold that it may not.

---

[1]The applicable portion of the statute reads:
§ 706-606.5 Sentencing of repeat offenders.
. . . .
(2) Notwithstanding section 706-669 and any other law to the contrary, any person convicted under section . . . 708-841 relating to robbery in the second degree . . . who has a prior conviction or prior convictions for one or

The sentencing court ruled and the State argues that the "tacking" of the mandatory minimum is authorized by the statute. HRS § 706-606.5(3) provides:

> The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant .....

In the absence of clearly expressed legislative language to the contrary, the language of a statute must be regarded as conclusive but this court's primary duty is to ascertain and implement the intention of the legislature. *Kaiama v. Aguilar,* 67 Haw. 549, 696 P.2d 839 (1985). In ascertaining intent, the language of the provision must be read in the context of the entire statute and construed in a manner consistent with its purposes. *Foster Village Community Ass'n. v. Hess,* 4 Haw. App. 463, 667 P.2d 850 (1983). The construction propounded by the State is inconsistent with the sentencing scheme of the Hawaii Penal Code as articulated by HRS Chapter 706, providing for the disposition of convicted defendants, particularly its maximum term and extended term sentencing requirements.

Maximum indeterminate sentences for felony convictions are provided for under HRS § 706-659 (Supp. 1984) and HRS § 706-660 (Supp. 1984). Thereunder, the court has no discretion to increase or decrease the specified terms.[2] With the exception of special problems calling for extended terms of imprisonment, the statutes are intended to allow imposition of only one maximum length

---

more offenses enumerated in subsection (1) or this subsection in this or another jurisdiction, within the time of the maximum sentence of any prior conviction, shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

(a) One prior conviction — 3 years[.]

Appellant had prior convictions for First Degree Robbery, HRS § 708-840, and First Degree Burglary, HRS § 708-810, which are enumerated in HRS § 706-606.5(1).

[2] § 706-659 Sentence of imprisonment for class A felony. Notwithstanding sections 706-620 to 706-631, suspension of sentence and probation, and sections 706-605, 706-606, 706-606.5, 706-660.1, 706-661, 706-662, and any other law to the contrary, a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by

of imprisonment for each class of felony. Commentary, HRS § 706-660. Maximum extended terms are provided for under HRS § 706-661 and may be imposed only upon proper motion and hearing, and specific findings by the sentencing court.[3] HRS §§ 706-663 and 706-662. The court in effect extended the maximum sentence by three years without compliance with the extended term provisions.

In enacting the repeat offender law, the legislature stated:

In particular your Committee concurs that necessary steps should be taken so that any person convicted for some of the most serious and reprehensible felonies as defined by the Hawaii Penal Code *be sentenced, for each conviction after the first conviction to a mandatory sentence without the possibility of parole.* (Emphasis added.)

Sen. Conf. Comm. Rep. No. 33-76 in 1976 Senate Journal at 883, Hse. Conf. Comm. Rep. No. 32 in 1976 House Journal at 1141. The mandatory minimum sentencing provisions are intended to apply to sentences imposed for the underlying subsequent conviction which triggered application of the statute. Logically, the required period of unparoled imprisonment is subsumed within the

---

the Hawaii paroling authority in accordance with section 706-669.

§ 706-660 Sentence of imprisonment for Class B and C felonies; ordinary terms. A person who has been convicted of a class B or class C felony may be sentenced to an indeterminate term of imprisonment except as provided for in section 706-660.1 relating to the use of firearms in certain felony offenses. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
  (1) For a class B felony — 10 years; and
  (2) For a class C felony — 5 years.
The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.

[3]  § 706-661 Sentence of imprisonment for felony; extended terms. In the cases designated in section 706-662, a person who has been convicted of a felony may be sentenced to an extended indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
  (1) For a class A felony — life;
  (2) For a class B felony — twenty years; and
  (3) For a class C felony — ten years.
The minimum length of imprisonment shall be determined by the board of paroles and pardons in accordance with section 706-669.

maximum sentence imposed for that offense. This is in harmony with the statutory scheme. The consecutive sentencing language of HRS § 706-606.5 necessarily must be read to allow the sentence on the underlying offense to be served consecutive to the sentence imposed for the prior offense or offenses.[4]

The lower court erred in its construction and application of the statute.

Reversed and remanded for resentencing consistent with this opinion.

*Richard Pollack* (*Lynette Mah* on the brief) Deputy Public Defenders for defendant-appellant.

*Willard Peterson* (*Thalia B. P. Murphy* on the brief), Deputy Prosecuting Attorneys for plaintiff-appellee.

---

[4] Legislative interpretation of the provision appears in accord with this interpretation. In constructing the 1980 amendment to the repeat offender statute, HRS 706-606.5, the Legislative Reference Bureau stated that the amendment:

> Deletes judicial discretion allowing the sentence on the subsequent conviction to be served consecutively to any other sentence then, or previously, imposed on defendant.

Legislative Reference Bureau, 1980 Digest and Index of Laws Enacted § 284 (1980).