STATE OF HAWAII, Plaintiff-Appellee, *v.* ALAN V. AVILLA, Defendant-Appellant

NO. 12385

(CR. NO. 86-1110)

FEBRUARY 16, 1988

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

*Per Curiam.* The question posed by this motion for release pending appeal brought by Defendant-Appellant Alan Avilla is whether the "saving clause" in Act 139, Session Laws of Hawaii (SLH) 1987, precludes Avilla from petitioning for release on bail pursuant to Hawaii Revised Statutes (HRS) § 804-4, as amended on June 5, 1987. We conclude the clause does not preclude Avilla's petition; but we deny his motion since he has not shown "[b]y clear and

convincing evidence that [he] is not likely to . . . pose a danger to the safety of any other person or the community if released[.]" SLH 1987, Act 139, § 8.

I.

Prior to June 5, 1987, HRS § 804-4 provided, without exception, "that no bail shall be allowed pending appeal of a felony conviction where a sentence of imprisonment has been imposed." In 1987 the legislature amended the statute to allow a criminal defendant who is sentenced to imprisonment to be released pending appeal in given circumstances. As amended, HRS § 804-4 reads:

> The court shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ or certiorari, be detain, [sic] unless the court finds:
>
> (1) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
>
> (2) That the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
>
> If the court makes such findings, he shall order the release of the person in accordance with the provisions of section 804-7.1.

SLH 1987, Act 139, § 8.[1] The foregoing amendment was one of several changes wrought by Act 139 in the statutory provisions relating to the release of defendants on bail.

---

[1] As amended by section 8 of Act 139 (1987), HRS § 804-4 reads:

If the charge is for an offense for which bail is allowable under section 804-3, the defendant may be admitted to bail before conviction as a matter of right. The right to bail shall continue after conviction of a misdemeanor, petty misdemeanor or violation, and release on bail may continue, in the discretion of the court after conviction of a felony until the final determination of any motion for a new trial, appeal, habeas corpus, or other proceedings which are made, taken, issued, or allowed for the purpose of securing a review of the rulings, verdict, judgment, sentence, or other proceedings of any court or jury in or by which the defendant has been arraigned, tried, convicted, or sentenced; except that no bail shall be allowed after conviction and prior to sentencing in cases where bail was not available after conviction and prior to sentencing in cases where bail was not

Section 10 of the Act provides:

> This Act does not affect rights and duties that matured, penalties that were incurred, and proceedings that were begun, before its effective date.

SLH 1987, Act 139, § 10.

Avilla was indicted before the effective date of the Act on felony counts of Rape in the First Degree and Kidnapping. On June 9, 1987 he was found guilty of both counts. On August 7, 1987 the trial court sentenced Avilla to 20 years incarceration for the rape conviction and 10 years incarceration for the kidnapping count, with the sentences to run concurrently. The court then heard and denied Avilla's Motion to Continue Bail Pending Appeal. A conclusion reached by the trial court in rendering its Findings of Fact, Conclusions of Law, and Order Denying Motion to Continue Bail Pending Appeal, filed on November 16, 1987, was that HRS § 804-4, as amended, "is not applicable to this case, because under Section 11,[2] the proceedings of July 1986 began before the effective date of the amendment of June 5, 1987."[3]

Having noted an appeal from the judgment of the trial court, Avilla now seeks an order releasing him on bail during the pen-

---

available under section 804-3, or where bail was denied or revoked before conviction; and provided further that no bail shall be allowed pending appeal of a felony conviction where a sentence of imprisonment has been imposed. The court shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ or certiorari, be detain, [sic] unless the court finds:

   (1) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
   (2) That the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

If the court makes such findings, he shall order the release of the person in accordance with the provisions of section 804-7.1. No defendant entitled to bail, whether bailed or not, shall, without the defendant's written consent, be subject to the operation of any sentence passed upon the defendant while any proceedings to procure a review of any action of the trial court or jury in the premises are pending and undetermined, except as provided in section 641-14(a).

[2] The language in question actually is found in section 10 of Act 139.

[3] Section 12 of Act 139 provides that the Act "shall take effect upon its approval, and it was approved by the Governor on June 5, 1987.

dency of the appeal in this court. He avers the trial court's reading of the phrase "proceedings that were begun" before the Act's effective date as referring to prosecutions that were commenced by indictment or complaint prior to June 5, 1987 was erroneous. The language in question, he argues, should be read in the situation at hand as referring to appellate proceedings. And since his appeal commenced on August 7, 1987, when a timely notice of appeal was filed, he maintains the language of the "saving clause" does not prevent him from seeking release on bail.

The State maintains the trial court read the crucial language correctly. It claims "proceedings that were begun" before the effective date of Act 139 clearly are prosecutions that were begun before June 5, 1987 and our ruling should reiterate that rendered by the trial court. We do not agree.

## II.

"Proceedings," as employed in the section of Act 139 in question, can mean prosecutions; but within the context of the statutes regulating the release of defendants on bail, it also can mean bail proceedings. "When there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute an ambiguity exists. *Roe v. Hopper,* 90 Idaho 22, 408 P.2d 161 (1965); *also see* Black's Law Dictionary, 4th ed. p. 105." *State v. Sylva,* 61 Haw. 385, 388, 605 P.2d 496, 498 (1980). The court's primary objective when confronted by ambiguity "is to ascertain and give effect to legislative intention. *In re Hawaiian Telephone Co.,* 61 Haw. 572, 608 P.2d 383 (1980)." *Puchert v. Agsalud,* 67 Haw. 25, 34, 677 P.2d 449, 456 (1984), *appeal dismissed, Pan American World Airways, Inc. v. Puchert,* 472 U.S. 1001 (1985); *see also Wiegand v. Allstate Insurance Companies,* 68 Haw. ___, ___, 706 P.2d 16, 19 (1985). And to determine intent, "[s]tatutory language must be read in the context of the entire statute and construed in a manner consistent with the purposes of the statutes." *Pacific Insurance Co. v. Oregon Automobile Insurance Co.,* 53 Haw. 208, 212, 490 P.2d 899, 902 (1971) (citations omitted); *see also Hawaiian Airlines, Inc. v. State,* 68 Haw. ___, ___, 716 P.2d 1138, 1143 (1986); *State v. Saufua,* 67 Haw. 616, 618, 699 P.2d 988, 990 (1985); *State v. Tengan,* 67 Haw.

451, 458, 691 P.2d 365, 370 (1984); *State v. Sylva*, 61 Haw. at 388, 605 P.2d at 498.

We have read the language at issue in the context of Act 139 but find no clue on how the legislature intended "proceedings" to be read. The history of the Act also yields no direct statement of legislative intent on how the term should be read. But we learn from an examination of relevant legislative committee reports that the amendment of HRS § 804-4 was prompted by a concern for those criminal defendants whose appeals are eventually deemed meritorious. The concern is expressed as follows:

> Section 804-4,HRS, relates to bail when a matter of right. Unfortunately, if a criminal defendant is imprisoned after conviction, the statute denies bail, even if his appeal appears meritorious. This dilemma results in jail time before the review by the courts. If successful, that time is lost forever with no recourse.

Hse. Stand. Comm. Rep. No. 1038, at 2. In light of this regard for the plight of persons whose convictions may well be set aside on appeal, we cannot conclude the legislature meant to deny every convicted criminal whose prosecution began before the amendment of HRS § 804-4 became effective an opportunity to seek release on bail pending appeal. An acceptance of the State's position would be inconsistent with the legislative purpose to prevent the injustice of a criminal defendant, particularly one whose release would pose no danger to others, being imprisoned while there is pending a substantial question of law or fact that casts doubt on the validity of his conviction.

### III.

Though we conclude that the term "proceedings" as employed in section 10 of Act 139 refers, *inter alia*, to bail proceedings and the trial court thus erred when it ruled the Act did not apply to prosecutions begun before its effective date, we still cannot order the defendant's release on bail pending the determination of his appeal. For HRS § 804-4 compels the detention of a person who has been convicted and sentenced to imprisonment, unless he is able to

convince the court that he is not one likely to flee or pose a danger to others.[4]

The defendant was given an opportunity in the trial court, despite the ruling that the amendment was inapplicable in his case, to demonstrate that he did not "pose a danger to the safety of any other person or the community if released." *See supra* note 4. The trial court, however, found the evidence presented by the defendant unconvincing in this crucial respect.[5]

The evidence offered in this court to support the defendant's plea for release on bail, likewise, is not of the "clear and convincing" quality demanded by HRS § 804-4 before release can be ordered. *See supra* note 4.

The motion is denied.

*James D. Comack (Comack, Kiuchi & Nakamoto,* of counsel), on the motion, for appellant.

*Peter Van Name Esser,* Deputy Prosecuting Attorney, contra, for appellee.

---

[4] HRS § 804-4, as amended, provides in relevant part that a person who has been found guilty of an offense and sentenced to a term of imprisonment, as Avilla was, shall be detained even if he has appealed the judgment, unless the court finds:

> (1) By clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released; and
>
> (2) That the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.

*See supra* note 1. Thus the legislature obviously was unwilling to have a convicted defendant released at the risk of the safety of others.

[5] The trial court's findings read in part:

4. Based upon the Defendant's prior appearances in Court, this Court finds by clear and convincing evidence that the Defendant is not likely to flee this jurisdiction;

5. Based upon the evidence presented by the Defense at sentencing through the testimony of the Defendant, his fiance Laura Frank, and his employer Lucille Adams, this Court *cannot* find by clear and convincing evidence that the Defendant is not a danger to the safety of any other person or the community if released, and such finding is buttressed by the evidence presented by the State at sentencing through Detective Antenorcruz, the evidence presented at trial, and the pre-sentence report;

6. Because the Defendant cannot satisfy the first prong of the statute i.e. not a danger to the safety of any other person or the community if released, the Court need not consider the final prong of the statute, such that the appeal is not for the purpose of delay, etc.; . . . .