**STATE OF HAWAII**, Plaintiff–Appellee, v. **MELVIN KUMUKAU**, aka Melvin Joseph Kumukau and Melvin Joseph Kumuhau, Defendant–Appellant, and **ELMER KUMUKAU** and **WALTER K. K. PANG**, Defendants

NO. 13465

(CR. NO. 88–0367)

FEBRUARY 23, 1990

PADGETT, ACTING C.J., HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA, ASSIGNED BY REASON OF VACANCY, AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF LUM, C.J., RECUSED

OPINION OF THE COURT BY WAKATSUKI, J.

### A.

Defendant–Appellant Melvin Kumukau and two others, armed with guns, robbed seven people participating in a dice game. Kumukau also seized a vehicle from one of the robbery victims, and while driving away from the scene of the robbery, Kumukau shot at a plainclothes police officer.

As a result Kumukau was convicted of seven counts of first degree robbery, seven counts of kidnapping, and one count each of first degree burglary, second degree attempted murder, possession of a prohibited firearm, unauthorized control of a propelled vehicle, and first degree reckless endangering.

The court, by applying Hawaii Revised Statutes (HRS) sections 706–661 and 706–662 sentenced Kumukau to eight consecutive life terms plus 200 years. Further, in applying HRS § 706–660.1(a), the court mandated Kumukau to serve 136 years imprisonment before being eligible for parole.[1]

## B.

We first note that Kumukau does not challenge the application of HRS §§ 706–661 and 706–662 as applied to him. The

---

[1]The following chart sets forth the sentences imposed by the sentencing court in this case.

| Count | Class of Felony | Extended Term | Mandatory Minimum |
|---|---|---|---|
| 1. Robbery 1 | A | Life w/Parole | 10 years |
| 2. Robbery 1 | A | Life w/Parole | 10 years |
| 3. Robbery 1 | A | Life w/Parole | 10 years |
| 4. Robbery 1 | A | Life w/Parole | 10 years |
| 5. Robbery 1 | A | Life w/Parole | 10 years |
| 6. Robbery 1 | A | Life w/Parole | 10 years |
| 7. Robbery 1 | A | Life w/Parole | 10 years |
| 8. Kidnapping | B | 20 years | 5 years |
| 9. Kidnapping | B | 20 years | 5 years |
| 10. Kidnapping | B | 20 years | 5 years |
| 11. Kidnapping | B | 20 years | 5 years |
| 12. Kidnapping | B | 20 years | 5 years |
| 13. Kidnapping | B | 20 years | 5 years |
| 14. Kidnapping | B | 20 years | 5 years |
| 15. Burglary 1 | B | 20 years | 5 years |
| 16. Att Murder 2 | Life | Life w/Parole | 15 years |
| 21. Possession of Prohibited Firearm | C | 10 years | 3 years |
| 22. U.C.P.V. | B | 20 years | 5 years |
| 23. Reckless Endangering 1 | C | 10 years | 3 years |
| | | 8 Life w/parole plus 200 years | 136 years |

sentencing court found, *inter alia*, that Kumukau was a multiple offender, had a history of criminality, and posed a danger to the public. Applying § 706–661 and § 706–662 to these findings allowed the trial court to impose a maximum sentence of imprisonment of eight life terms plus 200 years. Neither does Kumukau contend that HRS § 706–660.1(a) does not apply to him. Section 706–660.1(a) allows a court to impose mandatory minimum terms of imprisonment when certain felonies have been committed with the use of a firearm.

Kumukau objects, however, to the manner in which § 706–660.1(a) was applied; namely, that the trial court imposed a mandatory minimum term for each of the counts for which he was convicted, and mandated that these terms be served consecutively. He contends that the imposition of consecutive mandatory minimum terms of imprisonment is 1) not authorized by statute, or 2) cruel and unusual punishment in contravention of the federal and our state constitutions, or 3) an abuse of discretion.

## C.

HRS § 706–660.1(a) (Supp. 1989) provides:

**Sentence of imprisonment for use of a firearm in a felony**. (a) A person convicted of a felony, where the person had a firearm in his possession or threatened its use or used the firearm while engaged in the commission of the felony, whether the firearm was loaded or not, and whether operable or not, may in addition to the indeterminate term of imprisonment provided for the grade of offenses be sentenced to a mandatory minimum term of imprisonment without possibility of parole or probation the length of which shall be as follows:

   (1)  For murder and attempted murder in the second degree — up to 15 years;

   (2)  For a class A felony — up to 10 years;

    (3)  For a class B felony — up to 5 years; and

    (4)  For a class C felony — up to 3 years.

The sentence of imprisonment for a felony involving the use of a firearm as provided in this subsection shall not be subject to the procedure for determining minimum term of imprisonment prescribed under section 706–669, provided further that a person who is imprisoned in a correctional institution as provided in this subsection shall become subject to the parole procedure as prescribed in section 706–670 only upon the expiration of the term of mandatory imprisonment fixed under (a)(1), (2), (3), or (4), herein.

The imposition of consecutive mandatory minimum terms of imprisonment is neither explicitly permitted nor prohibited by the language of HRS § 706–660.1(a). Neither does the legislative history of this statute provide us with clear guidance.

Kumukau argues that the legislature did not intend that consecutive mandatory minimum terms of imprisonment be imposed. He argues that by permitting imposition of consecutive mandatory minimums, a trial court is able, in effect, to sentence a defendant to life imprisonment without the possibility of parole, as it did in this case. Kumukau points out that the legislature expressly delineated those offenses for which sentences of life without parole were warranted. Kumukau further argues that the statute which authorizes a sentence of life without parole includes a provision requiring the paroling authority to apply to the governor for commutation of the sentence to life with the possibility of parole after twenty years have been served. No comparable ameliorating provision exists when a person is sentenced to consecutive mandatory minimum terms which, in effect, become life terms without parole. Kumukau argues that such result is absurd and unjust, and obviously not intended by the legislature. We disagree.

"[T]his court's primary duty is to ascertain and implement the intention of the legislature. In ascertaining intent, the language of

the provision must be read in the context of the entire statute and construed in a manner consistent with its purposes." *State v. Saufua*, 67 Haw. 616, 618, 699 P.2d 988, 990 (1985) (citations omitted). "Laws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1–16 (1985); *see also State v. Aguinaldo*, 71 Haw. 57, 60–61, 782 P.2d 1225, 1227 (1989).

While HRS § 706–660.1(a) is silent as to the issue before us, HRS § 706–668.5 (Supp. 1989) clearly permits the imposition of consecutive terms of imprisonment. That section reads:

> **Multiple sentence of imprisonment.** (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.
>
> (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706–606.

Nothing in the language or legislative history of HRS § 706–668.5 convinces this court that the legislature intended that § 706–660.1 be an exception from the application of § 706–668.5.

The legislature prescribes penalties for criminal offenses and its inclination has been to vest in the courts "wide latitude in the selection of penalties from those prescribed and in the determination of their severity." *State v. Johnson*, 68 Haw. 292, 296, 711

P.2d 1295, 1298 (1985) (quoting *State v. Murray*, 63 Haw. 12, 25, 621 P.2d 334, 342 (1980)).

Prior to 1982, consecutive sentences were not authorized, but the legislature in amending the law to allow imposition of consecutive sentences stressed that courts must be allowed discretion in determining the appropriate sentence for any particular defendant. Sen. Conf. Comm. Rep. No. 5–82, *reprinted in* 1982 Senate Journal, at 874; Hse. Conf. Comm. Rep. No. 6–82, *reprinted in* 1982 House Journal, at 817. *See* Commentary to HRS § 706–668 (1985).[2]

In determining the particular sentence to be imposed, the court must consider a variety of factors[3] in exercising its discretion in fitting the punishment to the crime "as well as the needs of the individual defendant and the community." *State v. Teves*, 4 Haw. App.

---

[2] HRS § 706–668 was repealed in 1986 and replaced with HRS § 706–668.5.

[3] HRS § 706–606 (Supp. 1989) provides:

**Factors to be considered in imposing a sentence.** The court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

  (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;

  (b) To afford adequate deterrence to criminal conduct;

  (c) To protect the public from further crimes of the defendant; and

  (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available; and

(4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

566, 576, 670 P.2d 834, 838 (1983). *See also State v. Eline*, 70 Haw. 597, 602, 778 P.2d 716, 719 (1989).

In construing HRS § 706–660.1(a), we hold that imposition of consecutive mandatory minimum terms of imprisonment, as was imposed in this case, is authorized under HRS § 706–660.1. We do not find the imposition of consecutive sentences to be absurd or unjust in light of Kumukau's commission of multiple offenses with a firearm thereby jeopardizing the safety of numerous persons, and in light of the circumstances of the case, and the history and characteristics of Kumukau.

### D.

"The question of what constitutes an adequate penalty necessary for the prevention of crime is addressed to the sound judgment of the legislature and the courts will not interfere with its exercise, unless the punishment prescribed appears clearly and manifestly to be cruel and unusual. . . . [ ¶ ] But where 'the sentence prescribed by statute is cruel and unusual within the meaning of the Eighth Amendment, the statute itself is unconstitutional and any sentence imposed thereunder must be set aside.' *Gallego v. United States*, 276 F.2d 914, 918 (9th Cir. 1960)." *State v. Freitas*, 61 Haw. 262, 267, 602 P.2d 914, 919–20 (1979).

Kumukau does not contend that the maximum length of his sentence (eight life terms plus 200 years) is cruel and unusual punishment. His contention is that the imposition of consecutive mandatory minimum terms constitutes cruel and unusual punishment. In essence, Kumukau argues that a statute which, in some circumstances, permits the imposition of life imprisonment without the possibility of parole (when first degree murder or attempted murder has not been committed) is constitutionally invalid.

"The standard by which punishment is to be judged under the 'cruel and unusual' punishment provisions of both the United

States and Hawaii Constitutions is whether in the light of developing concepts of decency and fairness, the prescribed punishment is so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community." *Id.* at 267–68, 602 P.2d at 920.

"Parole is a matter of legislative grace, and the denial of it to certain offenders is within legislative discretion." *Id.* at 270, 602 P.2d at 921. The fact that the legislature may have determined that a person who commits numerous felonies with the use of a deadly weapon should be subject to imprisonment without the possibility of being paroled during his lifetime does not, in our opinion, "shock the conscience of reasonable persons" nor "outrage the moral sense of the community." Kumukau has cited no cases which have held otherwise.

## E.

We hold that HRS § 706–660.1 which permits consecutive mandatory minimum terms of imprisonment is not unconstitutional on its face. However, notwithstanding the facial validity of a statute, "[i]n a few extreme cases, sentences have been held to be unconstitutionally cruel and unusual" as applied to the particular circumstances and to the particular defendant. *State v. Iaukea*, 56 Haw. 343, 360, 537 P.2d 724, 735 (1975). So too, while a sentence may be authorized by a constitutionally valid statute, its imposition may be reviewed for plain and manifest abuse of discretion. *State v. Fry*, 61 Haw. 226, 231, 602 P.2d 13, 17 (1979).

"Admittedly, the determination of the existence of clear abuse is a matter which is not free from difficulty and each case in which abuse is claimed must be adjudged according to its own peculiar circumstances. Generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of

a party litigant." *State v. Sacoco*, 45 Haw. 288, 292, 367 P.2d 11, 13 (1961).

After careful review of the record, we conclude that the sentencing court abused its discretion in imposing the maximum minimum term of each conviction to be served consecutively amounting to 136 years of imprisonment before being eligible for parole. We agree that the sentencing court had ample grounds on which to premise the imposition of extended terms and consecutive mandatory minimum terms of imprisonment but to consecutively impose the maximum terms possible on each and every count for which Kumukau was convicted, however, is excessive.

Kumukau further contends that the sentence itself is cruel and unusual and therefore, violates our federal and state constitutions. In view of a remand for resentencing, we need not address this contention. *See State v. Lo*, 66 Haw. 653, 657, 675 P.2d 754, 757 (1983).

This case is remanded for resentencing.

*Judd Scott*, Deputy Public Defender, for defendant–appellant.

*Caroline M. Mee*, Deputy Prosecuting Attorney, for plaintiff–appellee.