LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

NO. 29961

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JEAN R. KIKUMOTO
CLERK APPELLATE COURTS
STATE OF HAWAII

2010 AUG 31 AM 9:36

FILED

GERALD VILLANUEVA, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 09-1-0018 (Cr. No. 05-1-0946))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Petitioner-Appellant Gerald Villanueva (Villanueva) appeals from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Order) filed on July 14, 2009 in the Circuit Court of the First Circuit (circuit court).[1]

In the underlying criminal case, Villanueva entered a guilty plea to Forgery in the Second Degree, Hawaii Revised Statutes § 708-852 (Supp. 2009). The circuit court sentenced Villanueva to five years of imprisonment with a mandatory minimum of one year and eight months as a repeat offender. Villanueva did not file a direct appeal from his conviction.

On May 13, 2009, pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40, Villanueva filed a Petition for Post-Conviction Relief[2] (First Petition), alleging three grounds. Villanueva alleged that the Hawai'i Paroling Authority (HPA) and its Chairman, Albert Tufono, (collectively, Tufono) violated Villanueva's rights to be free from cruel and unusual punishment, to a fair hearing, and to equal protection and due process under the United States and Hawai'i Constitutions.

---

[1] The Honorable Dexter D. Del Rosario presided.

[2] A Petition for Post-Conviction Relief is also known as a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody.

The circuit court deemed the First Petition a non-conforming petition and ordered Villanueva to file a conforming petition within thirty days. On May 20, 2009, Villanueva filed a conforming Petition for Post-Conviction Relief (Second Petition). In his Second Petition, Villanueva referenced the three grounds and facts stated in his First Petition as grounds for relief in the Second Petition. Villanueva also alleged a fourth ground: the increase in his punishment violated the ex post facto prohibition of the United States Constitution.

On June 2, 2009, Villanueva filed an Amendment to the Second Petition. The Amendment set forth the same grounds for relief as the First Petition, but included additional supporting facts. In the Amendment, Villanueva stated the following three grounds for relief:

> A.   Ground One - [Tufono] violated my 8th Amendment rights to the U.S. Constitution and Hawaii Constitution to cruel and unusual punishment inflicted, and the 14 Amend U.S. Const. Due Process.
>
> Supporting Facts: On May 25, I was sentenced to 5 years with a mandatory of 20 months by Judge Dexter Del Rosario, First Circuit Court. I have also seen the Parole Board to set a minimum sentence. The board members stated that I had an escape in 2001 to CR. 01-1-0217 that they cannot program me to a minimum facility. Means, that they cannot send me to a minimum facility because of my escape to do any program. This includes "work furlough." So the board members recommended that I do the clean and sober in Halawa Correction Facility, and do cognitive skills and parenting. This is my recommended program that was originally set by HPA, members.
>
> The Parole Board Members set my minimum sentence of punishment to 30 months. After completing my sentence of 30 months, I have seen the Parole Board for parole consideration. On Nov. 2007 my parole denied. I have completed all my recommended program and met all the criteria for parole.
>
> I have produced my certificate for the Salvation Army level II [sic] in-house treatment, cognitive skills and parenting. I have completed all of my recommended programs. [Tufono] added: "I want you to do work furlough and I will see you in one year." I have waited patiently for one year to go to a minimum facility, but [Tufono] did not send me. My next parole consideration is on Aug. 2008. After completing my punishment of one year sentence, I said to [Tufono] "you did not send me to a minimum facility

to do work furlough." He stated: "We will try this again, I will see you in 6 months." My concern now is, doing 6 more months for nothing. So I asked: [Tufono] what if, I am not in work furlough in 6 months, he stated that "I will parole you." My next parole consideration will be Feb. 2009. After completing my 6 months sentence of punishment [Tufono] denied my parole and punish me to 9 more months of punishment. My next parole consideration will be Nov. 2009. I will be doing a total of 57 months from what was suppose[d] to originally be 30 months. This is a violation of my 8th Amendment right to cruel and unusual punishment and by punishing me to multiple and excessive minimum sentence.

B.  Ground two - [Tufono] violated my 6th Amendment rights to be an impartial decision maker and to have a fair hearing under Article I, section 14, State Constitution and the 14 Amend, U.S. Const. Due Process and Equal Protection of the laws.

Supporting Facts:  [I] was denied a fair hearing, that is guaranteed under Article I, section 14 State Constitution and 6th Amendment U.S. Constitution. [Tufono] violated a similar form of my 6th Amendment rights by not giving me a fair hearing by an impartial parole Board member.

C.  Ground three - [Tufono] violated my 14 Amendment right to the U.S. Constitution and Article I, section 5 State Constitution.

Supporting Facts:  [Tufono] violated my 14 Amendment U.S. Constitution and Article I, section 5 State Constitution that is guaranteed a right, nor shall any state deprive any person of life, liberty, or pursuit of happiness, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws; that is guaranteed a right under State and Federal Constitution. I have seen inmates go home with high misconduct and without doing any programs. What is good for one inmate is good for another inmate is also good for Villanueva of equal rights protection and Due Process of law under 14 Amendment U.S. Constitution and Article I, section 5, State Constitution.

Apprendi vs. New Jersey (2000)
State of Hawai'i vs. Miti Maugaotega Jr.

The 14 Amendment right protect petitioner Villanueva of Equal Rights what was good for Apprendi is good for Miti Maugaotega Jr. is good for Villanueva under the 14 Amendment Equal Rights protection of the laws, United States Supreme Court and the Supreme Court of Hawaii upholds this law to all convicted felons in the United States and Hawaii.

(Emphasis in original.)

On appeal, Villanueva states ten "Questions Presented for Review" and several incoherent reasons for granting his

3

appeal. In his tenth Question Presented, Villanueva requests this court "[t]o review all grounds and supporting facts on Rule 40 HRPP."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Villanueva's points of error as follows:

(1) To the extent that Villanueva's Questions Presented one through nine, grounds, and supporting facts on appeal were not made in the Second Petition, they are denied. Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

(2) Villanueva is not entitled to parole after expiration of his thirty-month minimum sentence. The maximum sentence of five years for Forgery in the Second Degree does not constitute cruel and unusual punishment because it is not so disproportionate to the conduct proscribed and of such duration as to "shock the conscience of reasonable persons or to outrage the moral sense of the community." State v. Kumukau, 71 Haw. 218, 227, 787 P.2d 682, 687 (1990) (internal quotation marks and citation omitted).

(2) Villanueva's claim that he was denied a fair hearing is conclusory and without any supporting facts as to how his hearing was unfair or how Tufono was not impartial. Therefore, the claim is without merit.

(3) Villanueva's claim that he was treated differently than other similarly situated inmates by being denied parole while other inmates who had committed high misconduct were paroled is unsupported by any specific facts such as specific inmate names and records of similarly situated inmates. Therefore, his claim is conclusory and without merit. Villanueva was not sentenced to an extended term, but rather to a mandatory minimum sentence as a repeat offender. Therefore, the holdings in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000),

and State v. Maugaotega, 115 Hawai'i 432, 168 P.3d 562 (2007), do not apply. See Loher v. State, 118 Hawai'i 522, 534 n.8, 193 P.3d 438, 450 n.8 (App. 2008), cert. dismissed, No. 27844, 2009 WL 2386283 (Hawai'i Aug. 5, 2009), (citing Apprendi, 530 U.S. at 490, 120 S. Ct. at 2362-63).

Therefore,

IT IS HEREBY ORDERED that the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody filed on July 14, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, August 31, 2010.

On the briefs:

Gerald Villanueva,
Petitioner-Appellant pro se.

Diane K. Taira and
Darcy H. Kishida,
Deputy Attorneys General,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge