**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000755
26-OCT-2020
07:52 AM
Dkt. 54 SO**

NO. CAAP-18-0000755

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
ARTEMIO Y. AGDINAOAY, also known as
ARTEMIO YABLAG AGDINAOAY, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-18-0000989)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Chan and Wadsworth, JJ.)

Defendant-Appellant Artemio Y. Agdinaoay, also known as Artemio Yablag Agdinaoay (**Agdinaoay**), appeals from the September 4, 2018 Judgment of Conviction and Sentence; Notice of Entry (**Judgment**), and the October 2, 2018 Amended Judgment of Conviction and Sentence; Notice of Entry (**Amended Judgment**), both entered in the Family Court of the First Circuit (**Family Court**).[1] After pleading no contest, Agdinaoay was convicted of Violation of a Temporary Restraining Order (**VTRO**), in contravention of Hawaii Revised Statutes (**HRS**) § 586-4(e)(1) (Supp. 2017).[2] He was sentenced to 181 days of imprisonment,

_____

[1] The Honorable Matthew J. Viola presided.

[2] HRS § 586-4(e) provides, in relevant part:

When a temporary restraining order is granted and the respondent or person to be restrained knows of the order, a knowing or intentional violation of the restraining order is a misdemeanor. A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court. The court additionally shall sentence a person convicted under this section as follows:

with credit for time served, and ordered to undergo domestic violence intervention (**DVI**) pursuant to HRS § 586-4(e).

On appeal, Agdinaoay contends that the Family Court erred in concluding that HRS § 586-4(e) required the court to order Agdinaoay to undergo DVI in addition to the sentence of 181 days of imprisonment for his VTRO conviction.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Judgment and the Amended Judgment for the reasons set forth below.

## I. Background

At a hearing on September 4, 2018, Agdinaoay informed the District Court that he would be pleading no contest to the VTRO charge pursuant to a plea agreement with the State. Defense counsel described the agreement as follows:

> Pursuant to the agreement with the State, Mr. Agdinaoay is going to be pleading no contest to case number 1. And in exchange for the plea, I believe the State will be nolle prosequing with prejudice case number 3. And this is going to be for 181 days, Your Honor, no probation. He does have credit on these days so we're going to ask that credit be given.

The following exchange with the Family Court then ensued:

> THE COURT: So plead no contest as charged?
>
> [DEFENSE COUNSEL]: As charged.
>
> THE COURT: Does Mr. Agdinaoay know I -- if he enters a no contest plea which is not based on probation, I'm required by statute to order domestic violence intervention class and set a proof of compliance hearing?
>
> [DEFENSE COUNSEL]: Yes, he's aware.
>
> THE COURT: Is that the agreement with the State?
>
> [DEPUTY PROSECUTING ATTORNEY]: Yes, Your Honor.
>
> THE COURT: Mr. Agdinaoay --

---

(1) Except as provided in paragraph (2), for a first conviction for a violation of the temporary restraining order, the person shall serve a mandatory minimum jail sentence of forty-eight hours and be fined not less than $150 nor more than $500; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine[.]

[AGDINAOAY]:  Yes, sir.

Based on this exchange and the colloquy that followed, the Family Court found that Agdinaoay "knowingly, voluntarily and intelligently . . . entered his no contest plea and waived his right to a jury trial with a full understanding of the nature of the charge against him and the consequences of his plea."  The court then adjudicated Agdinaoay guilty of the VTRO charge and sentenced him pursuant to the parties' agreement as previously stated.

## II.  Discussion

We assume without deciding that Agdinaoay's no-contest plea in these circumstances did not waive his point of error regarding the imposition of DVI.  As to his point of error, we conclude that the Family Court did not err in ordering Agdinaoay to undergo DVI in addition to sentencing him to 181 days of imprisonment.

Agdinaoay's sentencing was governed by HRS § 586-4(e), as well as the applicable provisions of HRS Chapter 706.  HRS § 586-4(e) states in part:  "A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court."  Section 586-4(e) further provides in relevant part:  "The court additionally shall sentence a person convicted under this section" to a mandatory minimum jail sentence.

Agdinaoay contends that the Family Court erred in concluding it was required under HRS § 586-4(e) to order DVI in addition to the 181-day sentence of imprisonment.  The crux of Agdinaoay's argument is that:  (1) DVI is a "standard condition of probation" under HRS § 706-624(2)(j);[3/] and (2) HRS §§ 706-

---

[3/]    HRS § 706-624(2) (Supp. 2017) authorizes the court to impose certain conditions of a sentence of probation.  HRS § 706-624(2)(j) states:

(2) Discretionary conditions.  The court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706-606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706-606(2), that the defendant:

. . . .

605(2) and 706-624(2)(a) prohibit a court from sentencing a defendant to probation and imprisonment in excess of 180 days.[4] Agdinaoay further asserts that the language of HRS § 586-4(e) does not require the court to sentence a convicted defendant to participate in DVI; rather, "in a case where the Family Court deems that it is necessary for the defendant to undergo [DVI], it could impose that requirement as [a] special condition of probation under HRS § 706-624(2)(j)." Agdinaoay also maintains that "under HRS § 586-4(e), where, as here, the Family Court chooses to sentence the defendant to 181 days of imprisonment, and therefore cannot impose probation on the defendant, the Family Court may still order the defendant to undergo [DVI] if it suspends part of the sentence."

Agdinaoay is correct that under HRS §§ 706-605(2) and 706-624(2)(a), the Family Court was not permitted to sentence him to probation and a 181-day term of imprisonment. However, as Agdinaoay concedes, he was not sentenced to probation. Moreover, nothing in HRS § 586-4(e) or HRS Chapter 706 requires that DVI be ordered only in conjunction with probation. Indeed, HRS § 586-4(e), which provides that a defendant convicted under this section "shall undergo [DVI]" as ordered by the court, makes no mention of probation. Rather, the section's next sentence states that "[t]he court <u>additionally</u> shall sentence" the defendant to the mandatory minimum jail sentence, *i.e.*, additionally to DVI as ordered by the court. HRS § 586-4(e) (emphasis added). The plain and unambiguous language of HRS § 586-4(e) thus, at the

---

    (j)  Undergo available medical or mental health assessment and treatment, including assessment and treatment for substance abuse dependency, and remain in a specified facility if required for that purpose[.]

 [4]  HRS § 706-605(2) (2014) provides: "The court shall not sentence a defendant to probation and imprisonment except as authorized by part II."

   HRS § 706-624(2)(a) states, in relevant part:

    (2) . . . The court may provide, as further conditions of a sentence of probation, . . . that the defendant:

     (a)  Serve a term of imprisonment to be determined by the court . . . not exceeding six months in misdemeanor cases . . . .

4

very least, authorizes the court to order DVI in conjunction with a jail sentence that does not include probation.[5]

Agdinaoay contends that "although the Family Court did not impose probation, the portion of its sentence that requires the defendant to undergo [DVI] is a form of mental health treatment" under HRS § 706-624(j), *i.e.*, a discretionary condition of probation that cannot be imposed in addition to the 181-day jail sentence. In support of his argument, Agdinaoay relies on this court's decision State v. DeMello, 130 Hawai'i 332, 339-40, 310 P.3d 1033, 1040-41 (App. 2013), vacated in part,

_____

[5] Whether DVI is mandatory for persons convicted of violating HRS § 586-4(e) is not determinative of the legality of Agdinaoay's sentence. We note, however, that the plain language of HRS § 586-4(e) supports the Family Court's conclusion that it was required to impose DVI in these circumstances. See Malahoff v. Saito, 111 Hawai'i 168, 191, 140 P.3d 401, 424 (2006) ("It is well-established that, where a statute contains the word 'shall,' the provision generally will be construed as mandatory." (citing Leslie v. Bd. of Appeals of Cty. of Hawai'i, 109 Hawai'i 384, 393-94, 126 P.3d 1071, 1080-81 (2006); Coon v. City and Cty. of Honolulu, 98 Hawai'I 233, 256, 47 P.3d 348, 371 (2002)).

Even if we were to conclude that HRS § 586-4(e) is ambiguous on this point, the statute's legislative history indicates that DVI was intended to be mandatory. In 1998, the legislature amended the state's domestic violence laws by, among other things, substituting the phrase "domestic violence intervention" for "treatment or counseling." 1998 Haw. Sess. Laws Act 172, § 2 at 643; H. Stand. Comm. Rep. No. 578-98, in 1998 House Journal, at 1264. The Senate Committee on Judiciary (**Committee**) reported the purpose of the amendments as follows:

> The purpose of this bill, as received by your Committee, is to amend the domestic violence laws by: requiring persons convicted of violations of temporary restraining orders to undergo domestic violence intervention; allowing the extension of a protective order not to exceed three years from the date of issuance; allowing the court to sentence a misdemeanor defendant to a term of probation up to two years; and changing the term "cooling off" to "period of separation."

S. Stand. Comm. Rep. No. 3252, in 1998 Senate Journal, at 1314 (emphasis added). The Committee also stated:

> Your Committee believes that a comprehensive approach towards domestic violence is needed. Therefore, your Committee has inserted provisions which reflect Senate bills that passed your Committee and include:
>
> . . . .
>
> (2) Making it mandatory for a person convicted of a temporary restraining order violation to undergo domestic violence intervention[.]

Id. at 1315 (emphasis added).

136 Hawaiʻi 193, 361 P.3d 420 (2015).  There, we ruled that a sentence for harassment, a petty misdemeanor, was illegal, where the trial court sentenced the defendant to the maximum thirty-day jail term, as well as anger management classes.  Id.  In reaching this conclusion, we reasoned:

> Sentencing options are governed by HRS § 706-605(1) (Supp. 2012).[6/]  Harassment is a petty misdemeanor for which the maximum term of imprisonment is thirty days. HRS §§ 711-1106(2) and 706-663 (1993).  There is no provision in HRS § 706-605 for the imposition of anger management or other treatment programs.  Id.  However, HRS § 706-624(2)(j) does authorize the imposition of, *inter alia,* mental health treatment, as a discretionary term of probation.  Therefore, [the defendant] could have been sentenced to a thirty-day term of incarceration or a six-month term of probation, but not both.  HRS § 706-605(2).  Therefore, [the defendant's] sentence was illegal.

Id. (footnote and numbering altered; some footnotes omitted).

Here, as in DeMello, the trial court did not order probation.  However, unlike the harassment statute in DeMello, which did not provide for the imposition of anger management classes, HRS § 586-4(e) expressly provides for the imposition of DVI, and does not require that it be ordered in conjunction with probation.  See supra.  Accordingly, even if DVI can be characterized as a form of "mental health treatment," the Family Court was not required to invoke or otherwise rely on HRS § 706-624(2)(j) in ordering Agdinaoay to undergo DVI.  In short, this court's reasoning in DeMello does not apply here, and does not render Agdinaoay's sentence illegal.

Within constitutional limits, "[t]he question of what constitutes an adequate penalty necessary for the prevention of crime is addressed to the sound judgment of the legislature and courts will not interfere with its exercise, unless the punishment proscribed appears clearly and manifestly to be cruel and unusual. . . ."  State v. Kumukau, 71 Haw. 218, 226, 787 P.2d 682, 687 (1990) (quoting State v. Freitas, 61 Haw. 262, 267, 602 P.2d 914, 919 (1979)).  Here, the Family Court's decision to order DVI in addition to the 181-day sentence of imprisonment falls squarely withing the bounds set by the legislature in HRS

---

[6/]    HRS § 706-605 (2014 & Supp. 2017) states the various sentencing alternatives that are available to the court upon conviction of a defendant for an offense.

§ 586-4(e) and the applicable provisions of HRS Chapter 706.  On this record, we conclude that the Family Court did not err in imposing that sentence.

### III.  Conclusion

For these reasons, we affirm the September 4, 2018 Judgment of Conviction and Sentence; Notice of Entry, and the October 2, 2018 Amended Judgment of Conviction and Sentence; Notice of Entry, both entered in the Family Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, October 26, 2020.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge