UNITED STATES of America,
Plaintiff-Appellee,

v.

Gilbert Eloy RAMIREZ,
Defendant-Appellant.

No. 79–5548
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1980.

Ramon Garcia, Edinburg, Tex., for defendant-appellant.

James R. Gough, John M. Potter, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

GARZA, Circuit Judge:

The Appellant was convicted by a jury of conspiring to possess, with intent to distribute, and possessing, with intent to distribute, a quantity of marijuana pursuant to 21 U.S.C. §§ 846 and 841(a)(1), respectively. The Appellant's only challenge on appeal concerns the denial by the trial court of one defense question during cross-examination of one of the witnesses. Having reviewed the record and finding no denial of Appellant's right of confrontation, we affirm.

During the Appellant's trial, he admitted that he possessed the marijuana, but he asserted the defense of entrapment. The Appellant contended that he had been pres-

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

sured into selling the marijuana by Marcelino Ramirez, who was a paid informant. When the informant Ramirez took the stand, the government elicited the fact that he was a paid informant. The government also brought out that Ramirez had previous convictions for alien smuggling and writing bad checks.

During cross-examination of the informant, defense counsel inquired whether he had ever been indicted in a federal district court in Brownsville. The government objected, and defense counsel informed the court that the question was asked to impeach the informant's credibility and to show bias and motive. The court asked defense counsel if he meant to discover if there was a pending indictment. Defense counsel responded to the court that he was posing the question of whether the informant had "ever been indicted." Based upon this representation, the court sustained the objection.

Defense counsel then asked the informant if the government had given any promises not to prosecute him in exchange for his testimony, to which the informant responded negatively. Defense counsel also questioned the informant on his experience as an informant and his manner of receiving payment. Defense counsel inquired as to the informant's method of finding marijuana dealers. Defense counsel also questioned the informant on his prior convictions. The Appellant now contends that the court's sustaining of the government's objection denied him his right of cross-examination guaranteed by the Sixth Amendment.

■ A trial court, based upon its sound discretion, may limit the scope and extent of cross-examination, and its decision will not be disturbed on review unless an abuse of discretion is present. *United States v. Diecidue*, 603 F.2d 535, 550 (5th Cir. 1979). This discretion, however, is subordinate to the defendant's right of cross-examination sufficient to satisfy the confrontation clause of the Sixth Amendment. *United States v. Vasilios*, 598 F.2d 387, 389 (5th Cir. 1979), *cert. denied*, 444 U.S. 1049, 100 S.Ct.

742, 62 L.Ed.2d 737 (1980). Although normally, a witness may only be impeached by showing a prior conviction, the existence of an arrest or an indictment may be admissible to demonstrate an informant's potential for giving false testimony in order to protect himself. *See Hart v. United States*, 565 F.2d 360, 362 (5th Cir. 1978); *United States v. Crumley*, 565 F.2d 945, 949 (5th Cir. 1978).

■ Although defense counsel was forbidden from discovering whether the informant had ever been indicted, he was able to question the informant on the existence of any promises made to him by the government. The Appellant's ability to examine the informant on the existence of any promises made by the government allowed him to obtain the same information which he sought to obtain in the question concerning the indictments. The scope of defense counsel's questioning definitely placed the issues of the informant's credibility, bias and motive before the jury. Further, defense counsel was allowed to question the informant on his status as a paid informant and the methods he used in finding marijuana sources.

Therefore, it is clear that defense counsel was able to present the issues of the bias and credibility of the informant to the jury in a satisfactory manner. The essence of defense counsel's attack upon the informant was presented to the jury. Thus, the trial court's limitation of defense counsel's questioning in this case did not amount to error since Appellant clearly was accorded his Sixth Amendment right to cross-examination. *See United States v. Goodman*, 605 F.2d 870, 880 (5th Cir. 1979) (limiting of defense counsel's questioning not a violation of Appellant's Sixth Amendment right since the substance of the desired impeaching information had been presented to jury).

AFFIRMED.