UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Lee MORGAN,
Defendant-Appellant.

No. 84–1338.

United States Court of Appeals,
Tenth Circuit.

March 11, 1985.

Gerald Hilsher, Asst. U.S. Atty., Tulsa, Okl. (Layn R. Phillips, U.S. Atty., Tulsa, Okl., with him on brief), Northern Dist. of Okl., for plaintiff-appellee.

Jo Stanley Glenn, Tulsa, Okl., for defendant-appellant.

Before LOGAN and SETH, Circuit Judges, and SAFFELS, District Judge.*

SAFFELS, District Judge.

Robert Lee Morgan appeals his conviction in the United States District Court for the Northern District of Oklahoma on two counts of conspiracy to distribute cocaine and distribution of cocaine in violation of 21 U.S.C. 841(a)(1), 21 U.S.C. 846, and 18 U.S.C. 2. Appellant Morgan was sentenced to concurrent seven (7)-year terms of incarceration.

At trial, Morgan did not contest the occurrence of the drug transaction of May 25, 1983, in Tulsa, Oklahoma, but rather attempted to show his involvement was a result of the threats and coercion of the government's cooperating informant, Roy Lee Dunn. Morgan argued that he had no intent to distribute cocaine or to participate in the conspiracy. Morgan's contention on appeal is that the trial court erred in granting the government's motion in limine to limit the examination of Dunn by defense counsel. The court's order excluded questions and evidence of murder charges filed on January 13, 1984,[1] against Dunn and excluded questions to which Dunn would have invoked the Fifth Amendment protection against self-incrimination. Morgan claims that these limitations violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution.

The context of defense counsel's examination of Dunn was unusual. In most instances, the government calls its informant to the stand to testify against the accused. But here the government did not call the informant and Morgan called Dunn as a hostile witness to attempt to establish the extensive involvement of Dunn in the transaction, Dunn's motivation to involve Morgan in the transaction, and the coercive nature of Dunn's behavior. The essential facts were that Dunn introduced Morgan to government undercover Agent Glen Chism for the purpose of effecting a drug transaction, and that Morgan sold Chism ten grams of cocaine. Morgan sought to show that he made the sale under threat of physical harm from Dunn, and with cocaine provided by Dunn.

The government relied solely on the testimony of Chism. Morgan took the stand on his own behalf, and Morgan also called Dunn to the stand.[2] The government filed its motion in limine prior to trial. The court heard arguments on the motion and allowed defense counsel a full cross-examination of Dunn outside the hearing of the jury. Among other questions, defense counsel asked Dunn about the pending murder charges and whether he anticipated government assistance with those charges. Dunn testified that the government had asked him about the charges and the government was not going to get involved. Defense counsel also asked Dunn of his involvement in trafficking cocaine, and Dunn invoked the Fifth Amendment. Following the arguments of counsel and the examination of Dunn outside the hearing of the jury, the court granted the motion and directed defense counsel to refrain from questions on the murder charge and those

---

* Honorable Dale E. Saffels, United States District Judge, District of Kansas, sitting by designation.

1. The charges of first degree murder were filed in Payne County, Oklahoma, as a result of two murders alleged to have taken place December 30, 1983, some seven months subsequent to the

drug transaction which is the subject of the criminal prosecution involved herein.

2. A second defendant, Vernon Morgan, Robert's brother, testified in his own behalf. Vernon Morgan was acquitted.

to which Dunn could invoke the Fifth Amendment.[3]

Even without asking Dunn about his drug trafficking, defense counsel produced evidence of Dunn's involvement. Agent Chism, on cross-examination, testified that Dunn was active in drug trafficking.

Defense counsel's examination of Dunn placed before the jury evidence of the motivation, bias and criminal character of the informant. Dunn testified that he had previous involvement with Morgan and with drugs; that Morgan claimed that Dunn owed him a substantial sum of money from drug purchases; that Dunn had broad knowledge of cocaine trafficking in Tulsa and claimed to know all the drug dealers on the north side of Tulsa; that Dunn had been paid Three Thousand Five Hundred Dollars ($3,500) by the government for his assistance in drug cases (although he was not a paid informant as to Morgan); that Dunn had received assistance from the government regarding an arson charge; that Dunn had previous felony convictions on embezzlement, conspiracy and transportation of false, forged and altered United States securities; that Dunn's girlfriend (a woman other than his wife) was active in drug trafficking at the time of this drug transaction, and that Dunn knew what cocaine was, the forms in which it could be obtained, and its street value.

■ The issue is whether the trial court erred in granting the government's motion to limit the scope of the examination. The trial court governs the trial and assumes the duty to assure its proper conduct and the right, when appropriate, to limit cross-examination. See *United States v. Crouthers*, 669 F.2d 635, 642 (10th Cir. 1982); *Abeyta v. United States*, 368 F.2d 544, 545 (10th Cir.1966). In conducting a criminal trial, the court must protect the rights of the accused under the Sixth Amendment, including the right "to be confronted with the witnesses against him." A close reading of the cases establishes the principles to be applied by the trial court.

■ First, the Confrontation Clause is a limitation on hearsay evidence used by the prosecution. The clause guarantees that before hearsay is used against an accused, there must be sufficient "indicia of reliability" as to the statement [*Dutton v. Evans*, 400 U.S. 74, 89, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970)], the prosecution must have made a good faith effort to obtain the declarant at trial [*Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968)], and, where possible, the defendant must be provided with an adequate opportunity to fully and fairly cross-examine the witnesses against him. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

■ Second, the Confrontation Clause is not a guarantee that the prosecution will call all the witnesses it has against the defendant. In *Cooper v. California*, 386 U.S. 58, 62, fn. 2, 87 S.Ct. 788, 791, fn. 2, 17 L.Ed.2d 730 (1967), the United States Supreme Court found that a criminal defendant is not deprived of his right to confrontation when the prosecution does not call a witness to testify against him. The prosecution has no obligation to call an informant as a witness, and the accused generally may not confront an informant who provides no evidence at trial. *United States v. Francesco*, 725 F.2d 817 (1st Cir. 1984); *United States v. Kabbaby*, 672 F.2d 857 (11th Cir.1982); *United States, ex rel. Meadows v. State of New York*, 426 F.2d 1176 (2nd Cir.1970), *cert. denied* 401 U.S. 941, 91 S.Ct. 944, 27 L.Ed.2d 222 (1971).

■ Finally, the right of confrontation includes the right of the accused to use cross-examination to present a defense to the charges against him. See Younger, *Confrontation*, 24 Washburn L.J. 1, 28 (1984). The U.S. Supreme Court first dealt with this right in *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The scope of this right is the least well-defined of the rights implicit in the

---

**3.** Specifically, the court sought to have defense counsel refrain from asking, "Were you active in drug trafficking?," but counsel was free to inquire whether Dunn was knowledgeable about drug trafficking.

Sixth Amendment's Confrontation Clause, but it is nonetheless the most applicable to the case at bar. In *Chambers,* the application of Mississippi's voucher rule (a party calling a witness vouches for the credibility of that witness) prevented defense counsel from impeaching his own witness by prior inconsistent statements. At trial, the witness testified that the defendant had committed the crime, but in earlier statements the witness had admitted to the crime. The Supreme Court found that the exclusion of this evidence violated the Confrontation Clause. "The right of cross-examination is more than a desirable rule of trial procedure. It is implicit in the constitutional right of confrontation, and helps assure the 'accuracy of the truth-determining process.'" *Id.* at 295, 93 S.Ct. at 1045. The right of confrontation does not depend upon whether the witness was put on the stand by the accused or by the prosecution. *Id.* at 298, 93 S.Ct. at 1047.

The usual remedy when a government witness invokes the Fifth Amendment on cross-examination on matters to which the witness testified on direct examination is to strike the witness' direct testimony. *United States v. Nunez,* 668 F.2d 1116, 1121 (10th Cir.1981). That remedy is unavailable when the defendant has called the government's informant to testify. In such cases, the trial court must consider all the circumstances and balance the competing interests as fully and fairly as the circumstances will allow. Having reviewed the facts below, this court is convinced that the trial judge did not abuse his discretion in balancing the interests and limiting the informant's examination.

The court below allowed a broad inquiry during examination by defense counsel. The limitations on examination did not deny Morgan his right to present a defense. The alleged murders were collateral to the issues at trial, subsequent to the drug transaction, and could not have been considered by Morgan at the time of the drug transaction. To the extent that the charges would infer that Dunn is a violent person, other evidence was adduced at trial to demonstrate the lawlessness of the informant's character. Further, nothing in the trial court's order prevented Morgan from calling witnesses to testify as to Dunn's violent reputation, an avenue available to defense counsel which was not pursued.

As to questions to which Dunn would take the Fifth Amendment, the only proffered questions were of Dunn's involvement in drug trafficking. Once again, defense counsel presented substantial evidence through Agent Chism and by inference through Dunn's own testimony to place that issue before the jury. Dunn's refusal to answer the question, had it been allowed to be asked, would have added nothing to the evidence.

In *United States v. Ramirez,* 622 F.2d 898 (5th Cir.1980), trial court limitations on cross-examination of a witness against the accused did not violate the accused's confrontation rights under somewhat similar circumstances:

Although defense counsel was forbidden from discovering whether the informant had ever been indicted, he was able to question the informant on the existence of any promises made to him by the government. The Appellant's ability to examine the informant on the existence of any promises made by the government allowed him to obtain the same information which he sought to obtain in the question concerning the indictments. The scope of defense counsel's questioning definitely placed the issues of the informant's credibility, bias and motive before the jury. Further, defense counsel was allowed to question the informant on his status as a paid informant and the methods he used in finding marijuana sources.

*Id.* at 899.

The trial court did not abuse its discretion by limiting the examination of Dunn in the manner described above, and the conviction of Morgan is therefore AFFIRMED.