_____

No. 95-2693
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *     Appeal from the United States
     v.                            *     District Court for the
                                   *     Eastern District of Missouri.
Carole Kalagian,                   *          [UNPUBLISHED]
                                   *
          Appellant.               *
                          _____

              Submitted:  February 15, 1996

                 Filed:  April 23, 1996
                          _____

Before WOLLMAN, HEANEY, and MAGILL, Circuit Judges.
                          _____

PER CURIAM.

     Carole Kalagian appeals the district court's[1] entry of judgment on
her conviction for unauthorized use of access devices in violation of 18
U.S.C. § 1029(a)(2).  We affirm.

                                  I.

     On August 30, 1993, Kalagian began working as a licensed practical
nurse at Friendship Village, a retirement center.  At Friendship Village,
elderly residents lived independently in their own apartments but could
obtain assistance from a centralized health station.  If any of the
residents needed constant medical attention, they were moved to Friendship
Village's health center.

_____

     [1]The Honorable Charles A. Shaw, United States District Judge
for the Eastern District of Missouri.

Kalagian worked at one of the health stations at the facility. According to a log book kept at the health station, Kalagian went to Henrietta Stallings' apartment twice on September 1, 1993, for the stated purpose of checking on Stallings' nausea. Kalagian went to Regina Vetter's apartment on September 2, 1993, to retrieve Vetter's hearing aid. On that date, Vetter was confined to the health center. Soon after these visits, Kalagian began using Stallings' and Vetter's credit cards, charging more than $4,000 worth of merchandise. Kalagian also visited Helen Woodruff's apartment on December 7, 1993, for medical reasons. Shortly thereafter, Kalagian charged approximately $5,000 worth of merchandise on Woodruff's credit card.

Kalagian was charged with violating section 1029(a)(2), which makes it a crime to knowingly use an unauthorized credit card with intent to defraud. After a jury returned a guilty verdict, the district court sentenced Kalagian to thirty-seven months' imprisonment and two years' supervised release. Kalagian raises the following issues on appeal: (1) a violation of her sixth amendment right to confront witnesses; (2) insufficiency of the evidence; and (3) an erroneous evidentiary ruling by the district court.

## II.

Kalagian first contends that her sixth amendment right to confront witnesses was violated because the government did not call the credit card account holders at trial. Kalagian raises this issue for the first time on appeal; thus, we review for plain error. See Fed. R. Crim. P. 52(b). Because the confrontation clause does not require the prosecution to call at trial all of the witnesses against a defendant, see Cooper v. State of California, 386 U.S. 58, 62 n.2 (1967), we find this contention to be meritless. See also United States v. Morgan, 757 F.2d 1074, 1076 (10th Cir. 1985) (holding that defendant generally may not confront

-2-

witness who provides no evidence against him at trial).

We also reject Kalagian's claim that the evidence was insufficient to show that the use of the credit cards was unauthorized.  Viewing the evidence in the light most favorable to the government, United States v. Quintanilla, 25 F.3d 694, 699 (8th Cir.), cert. denied, 115 S. Ct. 457 (1994), we find there was ample, if indeed not overwhelming, evidence to support the jury's verdict.  The victims filed theft reports with the police and the credit card companies.  Stallings' daughter testified that her mother did not make the purchases and that some of the purchases, such as maternity clothes, could not have been purchased for her mother's benefit.  Moreover, Kalagian forged the victims' signatures rather than signing her own name on behalf of the account holders.  She also continued to charge items on Woodruff's account after Woodruff had died.

We have considered and find to be without merit Kalagian's contention that the district court erred in admitting under Federal Rule of Evidence 404(b) evidence of her prior conviction for credit card fraud.

The conviction is affirmed.

A true copy.

    Attest:


        CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.