IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10549
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

PETE GONZALES,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(2:00-CR-23-3)
--------------------
February 28, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Pete Gonzales appeals his conviction, contending that the district court erred in refusing to allow him to cross-examine government witness Ann Marie Lustgraaf about her state court indictment, thereby violating Gonzales's Sixth Amendment right to confront the witnesses against him.

"A trial court, based upon its sound discretion, may limit the scope and extent of cross-examination, and its decision will not be disturbed on review unless an abuse of discretion is present." United States v. Ramirez, 622 F.2d 898, 899 (5th Cir. 1980). "This

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion, however, is subordinate to the defendant's right of cross-examination sufficient to satisfy the confrontation clause of the Sixth Amendment." Id. The exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination. Delaware v. Van Arsdall, 475 U.S. 673, 678-79 (1986). "The relevant inquiry is whether the jury had sufficient information to appraise the bias and motives of the witness." United States v. Tansley, 986 F.2d 880, 886 (5th Cir. 1993).

There is no evidence in the record suggesting that the government had the ability to influence the prosecution of the state drug case against Lustgraaf. Furthermore, Lustgraaf's motives for testifying against Gonzales were brought into question by virtue of her admissions on cross-examination that (1) she had entered into a plea agreement with the government under which she was allowed to plead guilty to one federal charge in exchange for her testimony against Gonzales, and (2) she was awaiting sentencing on her federal case.

In light of the foregoing, the district court's limitation of the cross-examination of Lustgraff did not violate Gonzales's rights under the Confrontation Clause or otherwise constitute an abuse of discretion. See United States v. Thorn, 917 F.2d 170, 175-76 (5th Cir. 1990). Gonzales's conviction is AFFIRMED.

S:\OPINIONS\UNPUB\01\01-10549.0.wpd
4/29/04 2:10 pm

2