IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51165
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LUIS ALBERTO DE LOS SANTOS-MARTINEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-729-ALL-EP
--------------------
December 20, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

A jury convicted Luis Alberto De Los Santos-Martinez (De Los Santos) of illegal reentry of a removed alien under 8 U.S.C. § 1326. He appeals on the sole issue that he was denied his Sixth Amendment to cross-examine and confront certain government witnesses about the circumstances surrounding the taking of an inculpatory written statement from him.

"A trial court, based upon its sound discretion, may limit the scope and extent of cross-examination, and its decision will

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not be disturbed on review unless an abuse of discretion is present."  United States v. Ramirez, 622 F.2d 898, 899 (5th Cir. 1980) (citation omitted).  The district court's discretion to limit cross-examination, however, "is subordinate to the defendant's right of cross-examination sufficient to satisfy the confrontation clause of the Sixth Amendment."  Id. at 899.

Defense counsel was allowed to cross-examine the government agents thoroughly about whether an alien detained by the Border Patrol had a choice whether to give a statement.  In addition, through cross-examination, defense counsel extracted admissions that went towards the accuracy and reliability of De Los Santos' inculpatory written statement.  Thus, De Los Santos was accorded his Sixth Amendment right "to expose to the jury the facts from which jurors . . . could appropriately draw inferences relating to the reliability of the witness."  Davis v. Alaska, 415 U.S. 308, 318 (1974); see United States v. Miliet, 804 F.2d 853, 858-59 (5th Cir. 1986).  Accordingly, the judgment of the district court is hereby AFFIRMED.