[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11570
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20759-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TITATO HATZATE CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 6, 2016)

Before WILLIAM PRYOR, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Titato Clarke appeals his conviction and sentence of 199 months for possessing a firearm and ammunition as a felon. 18 U.S.C. §§ 922(g)(1), 924(e). Clarke challenges the denial of his motions to suppress a statement he made while being detained by police officers, to obtain a mistrial based on an officer's testimony about seeing Clarke in the vicinity of a shooting, to allow Clarke to question officers about the shooting, and to give his proposed jury instruction about being in the "mere presence" of a firearm. Clarke also challenges the classification of his three prior convictions in a Florida court as predicate offenses under the residual clause of the Armed Career Criminal Act. *Id.* § 924(e)(1); *see Johnson v. United States*, 135 S. Ct. 2551 (2015). We affirm Clarke's conviction, but we vacate Clarke's sentence and remand for a new sentencing hearing.

The district court did not err by denying Clarke's motion to suppress his statement because his encounter with officers was not a custodial detention that entitled him to notice of his right to counsel before questioning, *see Miranda v. Arizona*, 384 U.S. 436 (1966). After Detective Michael Hufnagel observed Clarke retrieve a firearm from the opened hood of his car and climb into the driver's seat, the detective followed Clarke into the driveway of a house where officers were investigating a shooting. *See Terry v. Ohio*, 392 U.S. 1, 22–23 (1968); *United States v. Williams*, 876 F.2d 1521, 1523–24 (11th Cir. 1989). Hufnagel, accompanied by Sergeant Leo Fuentes and Detective Luis Paz, approached

2

Clarke's car with guns drawn and ordered its occupants to exit and lay on the ground, which was a reasonable precaution to ensure the officers' safety. *See United States v. Acosta*, 363 F.3d 1141, 1147 (11th Cir. 2004). Clarke climbed out of his seat, walked toward the trunk, abruptly returned to the driver's side door, leaned into the car, closed the door, and waited for the officers to approach him. Presented with a precarious situation, Hufnagel asked Clarke whether he had a permit for a concealed weapon. *See United States v. Purcell*, 236 F.3d 1274, 1279 (11th Cir. 2001). When Clarke responded, "you didn't see me with a gun," Hufnagel secured Clarke, looked through the driver's window, saw a firearm lying in the floorboard beneath the driver's seat, and then arrested Clarke. Because Hufnagel did not unnecessarily detain Clarke, and Hufnagel's question did not exceed the scope of the circumstances justifying the traffic stop, Clarke's detention had yet to ripen into a custodial detention. *See Acosta*, 363 F.3d at 1145-48. And because Clarke was not in custody, he was not entitled to a *Miranda* warning before being questioned. *See id.* at 1150. The district court correctly admitted Clarke's statement into evidence.

The district court did not abuse its discretion when it denied Clarke's motion for a mistrial. Clarke sought a mistrial after Fuentes stated that he saw Clarke in the vicinity of a shooting and that he was looking for blood spatter while pursuing Clarke. Although Fuentes's statements violated the parties' agreement not to

mention the shooting, those statements did not unduly prejudice Clarke's substantial rights. *See United States v. Chavez,* 584 F.3d 1354, 1362 (11th Cir. 2009). Fuentes, Hufnagel, and Paz testified that Clarke was not involved in the shooting. And the district court gave jury instructions that eliminated any potential prejudice to Clarke. *See id.* After Fuentes's first statement, the district court told the jury that Clarke was "not the subject of any shooting investigation" and "[t]he only thing that you are to concern yourself with is the evidence of whether or not on the day in question Mr. Clarke was a felon in possession of a firearm that traveled in interstate or foreign commerce." Later, during its oral charge, the district court reminded the jury that Clarke was "on trial only for the specific crime charged in the indictment."

The district court also did not abuse its discretion by limiting what evidence Clarke could introduce about the shooting. Clarke moved to introduce testimony from investigating officers, including Detective Brad Burke, to develop a defense that one of Clarke's passengers, Dameon Brown, possessed the firearm because his family had been involved in the shooting. The district court reasonably determined that evidence of Brown's connection to the shooting was irrelevant to whether Clarke had possessed the firearm, *see* Fed. R. Evid. 401, and could not serve a legitimate purpose, such as to impeach the officers' testimonies, *see Holmes v. S. Carolina*, 547 U.S. 319, 326–30 (2006). And the ruling did not prevent Clarke

4

from presenting his defense. *See United States v. Ramirez*, 622 F.2d 898, 899 (5th Cir. 1980). Clarke elicited from Hufnagel during cross-examination that Brown was sitting in Clarke's front passenger's seat and later, Clarke called Burke to testify that Brown had said he was sitting in the back of Clarke's vehicle. During his closing statement, Clarke argued that Brown lied about where he was sitting to avoid "accept[ing] responsibility for [the] firearm" and to prevent "any issues" with his "pending criminal case."

The district court did not abuse its discretion when it refused to give Clarke's proposed jury instruction about being in the "mere presence" of a firearm. We will reverse for failure to give a particular jury instruction only if that instruction was: (1) correct; (2) not substantially covered by the other instructions given; and (3) relevant to some issue so important that its absence seriously impaired the defense. *United States v. Eckhardt*, 466 F.3d 938, 947–48 (11th Cir. 2006). The district court instructed the jury that Clarke could be convicted if he was in actual possession by exercising "direct physical control" of the firearm or if he was in constructive possession by having "both the power and the intention to take control over" the firearm. Those instructions informed the jury that Clarke's "mere presence in the area of [a firearm] or awareness of its location [was] not sufficient to establish possession." *See United States v. Pedro*, 999 F.2d 497, 501

5

(11th Cir. 1993). The district court covered substantially Clarke's proposed jury instruction.

We must vacate Clarke's sentence and remand for resentencing. While Clarke's appeal was pending, the Supreme Court held in *Johnson* that the residual clause of the Armed Career Offender Act is unconstitutionally vague. 135 S. Ct. at 2556–57, 2563. In the light of *Johnson*, Clarke argues, and the government agrees, that the district court erred by classifying his prior convictions for resisting an officer with violence, felony battery, and false imprisonment as predicate offenses under the residual clause. On remand, Clarke must be resentenced without reference to the residual clause of the Act.

Clarke argues that *Johnson* "abrogated . . . all of the cases relied upon to support the ACCA enhancement" so "none of [his] convictions may be considered ACCA predicates," but the district court should determine in the first instance whether the Act applies to Clarke. "[W]hen a criminal sentence is vacated, it becomes void in its entirety; the sentence—including any enhancements—[is] wholly nullified and the slate wiped clean." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (internal quotation marks and citation omitted). That leaves "the district court . . . free to reconstruct [Clarke's] sentence utilizing any of the sentence components." *Id.* Clarke argues, for the first time in his reply brief, that the government waived its opportunity to prove that his prior convictions constitute

violent felonies under the elements clause. *See United States v. Evans*, 473 F.3d 1115, 1120 (11th Cir. 2006) ("[A]rguments raised for the first time in a reply brief are not properly before a reviewing court."). Even if Clarke had raised his argument in his initial brief, we would reject it. The government argued in its written response to Clarke's objections that his prior convictions qualified as predicate offenses under the residual and elements clause of the Act. In addition, there are "powerful reasons to allow the government [on remand] to present additional evidence" of Clarke's prior convictions. *See United States v. Martinez*, 606 F.3d 1303, 1306 (11th Cir. 2010). Clarke acknowledged in his written objections and at the commencement of his sentencing hearing that his challenges to the enhancement of his sentence were foreclosed by precedent, which eliminated the need to introduce court-approved documents of Clarke's prior convictions. And at sentencing, the parties' arguments focused on what term of imprisonment would best achieve the statutory purposes of sentencing. *See* 18 U.S.C. § 3553. We remand for the district court to conduct a new sentencing hearing during which it can decide whether to enhance Clarke's sentence under the Act and select an appropriate sentence.

We **AFFIRM** Clarke's conviction, but we **VACATE** Clarke's sentence and **REMAND** for resentencing.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**

7